SOTERO HERNÁNDEZ LEBRÓN y MODESTA SERRANO, peticionarios y apelantes, *v.* CORTE MUNICIPAL DE HUMACAO, HON. JOSÉ DÁVILA ORTIZ, JUEZ, querellado; SOTERO HERNÁNDEZ y MARÍA LEBRÓN, interventores.

Núm. 9912.—*Sometido:* Abril 4, 1949. *Resuelto:* Abril 14, 1949.

888

*Francisco González, Jr.,* abogado de los apelantes; *Faustino R. Aponte,* abogado de los interventores, demandantes en el pleito principal.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Ante la Corte Municipal de Humacao se siguió por Sotero Hernández y María Lebrón una acción de nulidad de escritura de compraventa contra Sotero Hernández Lebrón y Modesta Serrano. Dicha corte dictó sentencia en 23 de agosto de 1948 declarando con lugar la demanda. El mismo día el secretario notificó por correo la sentencia a las partes y en igual fecha archivó en autos la notificación correspondiente. El 4 de septiembre siguiente los demandados radicaron en la corte municipal un escrito apelando de dicha sentencia para ante la corte de distrito. Los demandantes solicitaron entonces de la propia corte municipal que declarara nulo el escrito de apelación por haber sido éste radicado fuera del término

légal. En primero de octubre siguiente la corte municipal dictó resolución declarando nulo dicho escrito y dejando en toda su fuerza y vigor la sentencia dictada.(1)

Para revisar la resolución así dictada por la corte municipal los demandados acudieron ante la Corte de Distrito de Humacao con una solicitud de *certiorari*. Librado el auto correspondiente por la corte de distrito el mismo fué posteriormente anulado por entender ella que aun suponiendo que la Regla 6(e) de las de Enjuiciamiento Civil fuera aplicable a las apelaciones interpuestas de las cortes municipales para ante las cortes de distrito, la misma no ampliaba el término de diez días concedido por la ley. De la sentencia dictada por la corte de distrito apelaron los demandados para ante este Tribunal. Sostienen ahora tan sólo que "La Corte de Distrito de Humacao erró al estimar que el escrito de apelación fué radicado después de vencido el término para apelar."

Provee la sección 1 de la Ley de 11 de marzo de 1908 (pág. 124), según quedó enmendada por la Ley núm. 2 de 14 de marzo de 1929 (pág. 123) que cualquier parte perjudicada por la sentencia dictada por una corte municipal podrá interponer recurso de apelación para ante la corte de distrito del distrito judicial en que radicare la corte municipal y que la apelación se formalizará notificándola por escrito al secretario de la corte municipal dentro de los diez días siguientes al en que se hubiere notificado la sentencia; que en todos los casos en que se pueda establecer el recurso de apelación será deber del secretario de la corte enviar a la parte perjudicada, o a su abogado, al dictarse sentencia o resolución apelable, una notificación escrita a dicha parte

---

(1)La sección 2 de la Ley de 11 de marzo de 1908, pág. 124, dispone que "La presentación de dicho escrito de apelación tendrá el efecto de suspender la ejecución de la sentencia. Pero si el apelante dejare de entregar, dentro de los citados diez días, copia del escrito de apelación a la parte contraria o a su abogado, el juez de la corte municipal declarará nulo, a instancias de la parte contraria, el escrito presentado como queda dicho, al secretario de la misma."

perjudicada informándole que tal sentencia o resolución ha sido dictada y que "una copia de la dicha notificación será archivada con los autos, *debiendo empezar a contarse el término para establecer el recurso de apelación, desde la fecha del archivo de dicha notificación.*" (Bastardillas nuestras.) Como la sentencia de la Corte Municipal de Humacao fué dictada en 23 de agosto de 1948 y el secretario archivó en autos el mismo día la notificación a la parte perjudicada, es indudable que a partir de dicha fecha empezaba a contarse el término de diez días concedido por la ley para apelar. El escrito en que se apelaba para ante la Corte de Distrito de Humacao, como ya hemos dicho, no fué radicado hasta el 4 de septiembre de 1948, o sea a los doce días de haber el secretario de la corte municipal archivado en autos la notificación de la sentencia.

Sostienen los apelantes, sin embargo, que como la Regla 6(e) de las de Enjuiciamiento Civil proveen que "siempre que una parte tenga el derecho de o se le requiera para realizar algún acto o iniciar algún procedimiento dentro de un período de tiempo después de haberle sido notificado un aviso u otro documento y el aviso o documento es notificado por correo, se añadirán tres días al período prescrito", el escrito de apelación fué radicado por ellos oportunamente.

La única cuestión a dirimirse en el presente recurso es, pues, si habiéndose hecho la notificación en la forma indicada han de agregarse al término para apelar concedido por la ley los tres días a que hace mención esa regla.

Un examen de nuestras Reglas de Enjuiciamiento Civil en su totalidad nos demuestra que en el Capítulo IX y bajo el epígrafe de Apelaciones se hace constar que no hay Reglas 72 a 76 inclusives. Esto demuestra de manera palmaria que las Reglas de Enjuiciamiento Civil nuestras no contienen precepto alguno sobre el procedimiento que ha de seguirse en las apelaciones y que, en su consecuencia, nada de lo en ellas provisto es aplicable a tales apelaciones. La Regla 6(e)

no puede haber tenido, por ende, el propósito de ampliar el término fijado por la ley para apelar.

Refiriéndose a la 77(*d*) de las Reglas Federales de Enjuiciamiento Civil, que es idéntica a la Regla 77(*d*) de las nuestras, el tratadista Moore en su obra *Federal Practice* nos dice a la pág. 1452 del volumen 2, segunda edición (1948) que "el término para apelar no es ampliado al hacerse la notificación por correo. La Regla 6(*e*) no es de aplicación." De suerte que ni aun bajo las Reglas Federales el término para apelar es ampliado al hacerse la notificación de la sentencia por correo.

Habiéndose radicado el escrito de apelación ante la corte municipal después de expirado el término de·diez días fijado por la ley, la corte inferior actuó acertadamente al dictar sentencia en la forma en que lo hizo.

*Debe confirmarse la sentencia apelada.*