ANTONIO FIGUEROA RIVERA, peticionario, *v.* TRIBUNAL SUPE-
RIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. RAMÓN
CANCIO, JUEZ, demandado; ALFREDO HERES GONZÁLEZ y
su esposa SYLVIA LÓPEZ, interventores.

*Número:* 2561    *Resuelto:* 26 de marzo de 1962

*Ángel Cruz Cruz,* abogado del peticionario; *Francisco Ponsa Feliú* y *Álvaro R. Calderón, Jr.,* abogados de los interventores.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

La cuestión a resolver es si el período adicional de tres días que establece la Regla 68.4 de Procedimiento Civil extiende en igual plazo el término de 30 días para apelar según la Regla 53.1(a). Este recurso se refiere a una apelación interpuesta ante el Tribunal Superior contra una sentencia dictada por el Tribunal de Distrito (Regla 53.2), pero lo que aquí se decide se aplica por igual a la tramitación de una apelación, y al recurso de revisión, del Tribunal Superior a este Tribunal (Regla 53.1(b)).

El peticionario obtuvo una sentencia a su favor en el **Tribunal de Distrito**, Sala de San Juan. En los autos aparece el siguiente documento del Tribunal de Distrito:

"NOTIFICACIÓN DE SENTENCIA

A Lcdo. Alvaro R. Calderón Jr.
Edifi. Plaza, San Juan, P. R.

El Secretario que suscribe notifica a usted que este Tribunal ha dictado sentencia en el caso de epígrafe con fecha 7 de

abril de 1959, que ha sido debidamente registrada y archivada en los autos de este asunto, donde podrá usted enterarse detalladamente de los términos de la misma.

Y, siendo o representando usted la parte perjudicada por la sentencia, de la cual puede establecerse recurso de apelación, dirijo a usted esta notificación, habiendo archivado en los autos de este caso copia de ella con fecha 7 de abril de 1959.

San Juan, P. R., a 7 de abril, 1959

(Fdo.)  M. SÁNCHEZ, *Secretario.*"

Los demandados y recurridos interpusieron un escrito de apelación fechado 4 de mayo de 1959 el cual aparece notificado con copia al demandante en 7 de mayo. Según certificación de la Secretaria del Tribunal de Distrito, Sala de San Juan, el original de dicho escrito de apelación se radicó en autos el 8 de mayo de 1959. Se verá que el escrito de apelación se radicó en el trigésimo primer día a partir de la fecha en que quedó archivada en los autos copia de la notificación de la sentencia, archivo que lo fue en abril 7, 1959. Tomamos conocimiento judicial que el 7 de mayo siguiente cayó jueves y no fue un día feriado.

El demandante-apelado y ahora peticionario solicitó que se desestimara la apelación por haberse radicado fuera de tiempo. En 14 de julio de 1959 la Sala de San Juan del Tribunal Superior denegó su solicitud aplicando el término adicional provisto por la Regla 68.4, por cuanto la sentencia se notificó por correo. El peticionario solicitó revisión ante nos y expedimos el auto como *certiorari.*

La Regla 68.4 de Procedimiento Civil de 1958—R.P.P.R. página 127—dispone textualmente que:

"Siempre que una parte tenga derecho a realizar, o se le requiera para que realice algún acto dentro de determinado plazo después de habérsele notificado un aviso u otro escrito, y el aviso o escrito le sea notificado por correo, se añadirán 3 días al período prescrito."

Esta Regla es sustancialmente igual, y en lo aquí pertinente idéntica, a la Regla 6(e) de Enjuiciamiento Civil de 1943, y a la Regla 6(e) de Procedimiento Civil Federal.(1)

El problema que ahora se suscita no nos es enteramente desconocido. En *Hernández* v. *Corte Municipal,* 69 D.P.R. 887 (1949) sostuvimos la actuación de la entonces Corte de Distrito de Humacao que se negó a revisar la resolución de la Corte Municipal anulando un escrito de apelación por haberse radicado fuera de tiempo.(2)   La ley aplicable entonces disponía que sería deber del secretario de la Corte Municipal enviar a la parte perjudicada o a su abogado, al dictarse sentencia o resolución apelable, una notificación escrita informándole que tal sentencia o resolución había sido dictada, y una copia de dicha notificación sería archivada con los autos, "debiendo empezar a contar el término para establecer el recurso de apelación, desde la fecha del archivo de dicha notificación."   El escrito de apelación en ese caso se radicó a los 12 días de haber el secretario de la corte archivado en autos copia de la notificación de la sentencia, siendo el término para apelar de 10 días.

Pero habiendo invocado los apelantes en el caso de *Hernández* la Regla 6(e) de Enjuiciamiento Civil, igual a la 68.4 actual, dijimos que la cuestión a dirimirse en ese caso era si debía agregarse al término para apelar el plazo de 3 días dispuesto en dicha Regla.   Resolvimos que nada de lo conte-

---

(1) *"Término Adicional Después de Notificación por Correo.*—Siempre que una parte tenga el derecho de o se le requiera para realizar algún acto o iniciar algún procedimiento dentro de un período de tiempo después de haberle sido notificado un aviso u otro documento y el aviso o documento es notificado por correo, se añadirán tres días al período prescrito."—32 L.P.R.A. *Ap.* R. 6(e).

*"Additional Time After Service by Mail.* Whenever a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."—Fed. Rules Civ Proc. Rule 6(e) 28 U.S.C.A.

(2) Bajo la legislación entonces en vigor, Ley de 11 de marzo de 1908, ésta era una de las situaciones infrecuentes en que la propia corte apelada podía desestimar la apelación.

nido en la referida Regla 6 (e) era aplicable a una apelación porque las Reglas de Enjuiciamiento Civil entonces vigentes no contenían precepto alguno sobre el procedimiento que habría de seguirse en las apelaciones, y que por lo tanto, nada de lo dispuesto en dichas reglas era aplicable a tales recursos. ■

La situación, por supuesto, ha variado. Ahora las Reglas de Procedimiento rigen el trámite de la apelación y de la revisión, lo cual nos impide disponer de este caso escuetamente por lo decidido en el de *Hernández*. Veamos entonces. Tanto la Ley de 11 de marzo de 1908 según quedó enmendada por el número 2 de 14 de marzo de 1929, aplicable a las apelaciones de la antes Corte Municipal a la Corte de Distrito, como la Ley de 9 de marzo de 1911 aplicable a las apelaciones de la anterior Corte de Distrito al Tribunal Supremo, imponían el deber al secretario de enviar a la parte perjudicada o a su abogado, al dictarse sentencia de la cual podía establecerse apelación, una notificación escrita informándole que la sentencia había sido dictada, o de la resolución de la corte, *y una copia de esa notificación debía ser archivada por él con los autos,* y el término para establecer la apelación empezaría a correr *desde la fecha del archivo con los autos de dicha notificación.* ■

Las Reglas de 1943 no regían las apelaciones. Las de 1958 cubren este trámite pero tanto la Regla 53.1 (a) aplicable a las apelaciones del Tribunal de Distrito al Tribunal Superior y a las de éste al Tribunal Supremo, así como la Regla 53.1 (b) que se refiere al recurso de revisión ante el Tribunal Supremo, disponen que se apelará o se radicará la revisión dentro de 30 días siguientes *al archivo en autos de una copia* de la notificación de la sentencia. Como podrá observarse, la Regla 53.1 (a) (b) no alteró en este sentido la legislación

anterior que sustituyó. Ahora como antes el término se cuenta a partir del *archivo en autos* de una copia de la notificación de la sentencia. (³) ▬

Por su propio texto la Regla 68.4 se hace a sí misma inaplicable al término para apelar o para pedir revisión ya que dispone que se concederán 3 días adicionales a la parte que tenga que realizar algún acto dentro de determinado plazo *después de habérsele notificado* un aviso u otro escrito. El punto de partida que establece esta Regla es la *notificación* del aviso o escrito, y hemos visto que el punto de partida para radicar el escrito de apelación o de revisión es el acto del *archivo* con los autos de una copia de la notificación de la sentencia. En la práctica la Regla ha sido así interpretada por la profesión.

Esta ha sido la posición asumida en torno a la Regla 6 (e) de Procedimiento Federal en lo que respecta al período para interponer apelación. Moore sostiene de plano que la referida Regla 6 (e) [68.4] no extiende el período para apelar, por el fundamento parecido de que bajo la Regla 73 federal el punto de partida para contar el término de apelación es el *registro* de la sentencia y no su notificación, a pesar de que la Regla 77 (d) impone al secretario el deber de notificar a las partes de dicho registro. 2 Moore's *Federal Practice* (2da. ed.) pág. 1497; 7, págs. 4002–4. (⁴) Cf: *Klein* v. *Rancho Montana de Oro, Inc.* (C A 9, 1959) 263 F.2d 764, en que se dijo que el término de 30 días para apelar de una

---

(³) El Código de Enjuiciamiento Civil, (ed. 1933) disponía en su Art. 317 ya derogado que la notificación de una moción por correo ampliaría el término a razón de 1 día por cada 25 millas entre el lugar del juicio y aquel en que deba hacerse la notificación, pero se refería exclusivamente a la notificación de mociones y no incluía un escrito de apelación.

(⁴) Por enmienda a la Regla 77 (d) de 1946, efectiva en marzo 19, 1948 se dispuso no obstante, que la falta de notificación por el secretario del registro de la sentencia no afectará el término para apelar ... excepto según lo provisto en la Regla 73 (a).

De acuerdo con la Regla 58 el registro de la sentencia es una anotación en un libro denominado *"Civil Docket"*, llevado por el secretario de la manera que provee la Regla 79 (a).

orden en un procedimiento de quiebra bajo una disposición permitiendo apelar dentro de los 30 días *después de la notificación por escrito* a la parte contraria del registro de dicha orden o sentencia se extiende a 33 días si la notificación se hace por correo. 11 U.S.C.A. sec. 48 sub. a. En igual sentido, *Wilson* v. *Shamrock Amusement Corporation*, (C.A. 9, 1955) 221 F.2d 687. Estos casos ilustran la diferencia entre un punto de partida que consiste en el registro de la sentencia o en el archivo con los autos de una copia de la notificación como en nuestro procedimiento, y cuando el punto de partida consiste de la notificación misma de la sentencia. En el primer caso el término no se extiende por la Regla 68.4; en el segundo se extiende si la notificación se hace por correo.

Finalmente podría arguirse que una parte estaría expuesta a perder su derecho de apelación o de revisión en un caso en que se archivara en autos copia de la notificación y en realidad el secretario no enviara la misma dentro del término para apelar, o la enviara tan tardíamente que una parte no tuviera el tiempo suficiente para preparar una revisión. Como cuestión práctica y de realidad la notificación de la sentencia y el archivo en autos de una copia de dicha notificación son actos que se realizan al mismo tiempo y la experiencia demuestra que normalmente así es. Pero si en una ocasión ocurriera el peligro por un acto de extrema negligencia del secretario, siempre habría medios para proteger los derechos de una parte así perjudicada.[5] En el caso de autos no aparece del expediente en qué momento se depositó en el correo la notificación de la sentencia aunque se aceptó

---

[5] *Hill* v. *Hawes*, (1944) 320 U.S. 520 ofrece el ejemplo de un correctivo. El secretario de una corte de distrito envió la notificación del registro de la sentencia 7 días después de vencer el término para apelar. Para corregir tal omisión el Juez sentenciador dejó sin efecto la sentencia registrada y volvió a dictarla de manera que la parte apelara en tiempo. No obstante, la Corte de Apelaciones entendió que esta apelación estaba fuera de término y desestimó. El Tribunal Supremo, revocándola, sostuvo la apelación interpuesta a partir del segundo registro de la sentencia. Con posterioridad a esta decisión la Regla 77(d) fue enmendada adicionándose la materia a que hicimos referencia en el escolio 4 *ante*.

que fue notificada por correo. La parte recurrida no ha levantado cuestión alguna en cuanto a que la notificación por correo no se le hiciera para la fecha en que se archivó una copia de la misma con los autos o que de algún modo se le hubiera creado perjuicio. Su escrito de apelación que consiste meramente en informar que no estaba conforme con la sentencia dictada está fechado en 4 de mayo de 1959, 3 días antes de vencerse el término, y fue notificado a la parte contraria el 7 de mayo. De haberse radicado en esta fecha y no al día siguiente no habría surgido problema alguno. ■

Siendo el punto de partida del término para apelar o para solicitar revisión bajo las actuales Reglas de Procedimiento la fecha del archivo en autos por el secretario de copia de la notificación de la sentencia, como lo era también bajo la legislación anterior, el plazo adicional de 3 días que concede la Regla 68.4 no es aplicable a estos recursos porque la misma se refiere a actos que han de realizarse a partir de una *notificación*, cuando ésta se hiciere por correo.

*Se anulará la resolución recurrida y se devolverá el caso a la Sala de San Juan del Tribunal Superior con instrucciones de que desestime el recurso por falta de jurisdicción.*