IGNACIO RODRÍGUEZ NEGRÓN, demandante y recurrido, *v.* GERÓNIMO MORALES GARCÍA, demandado y peticionario.

*Número:* O-76-474     *Resuelto:* 31 de marzo de 1977

*Israel Delgado Ramos,* abogado del peticionario; *José L. Matta Ruiz,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

En *Andino* v. *Fajardo Sugar Co.,* 82 D.P.R. 85 (1961), resolvimos que el recurso procedente para que este Tribunal revise sentencias del Tribunal Superior en casos de reclamaciones de salarios y desahucios iniciados en ese Tribunal es el de revisión discrecional que establece la Ley Núm. 115 de 1958, el que debe interponerse dentro del término de 30 días contados a partir del archivo en autos de una copia de la notificación de la sentencia. Resolvemos ahora la interrogante expresada en *Viuda de Carmona* v. *Carmona,* 93 D.P.R. 140 (1966), escolio 3, pág. 144, respecto a "si igual término rige en las apelaciones del Tribunal de Distrito al Superior en acción de desahucio."

El tribunal de instancia sostuvo que "no hay dudas de que para apelar en casos de desahucio del Tribunal de Distrito al Tribunal Superior aplica el término jurisdiccional de 5 días desde la notificación de la sentencia que dispone el artículo 630 del Código de Enjuiciamiento Civil.[1]

La Ley de la Judicatura, Núm. 11 de 24 de julio de 1952, 4 L.P.R.A. sec. 1 *et seq.*, en la Sec. 19 establece "el derecho a apelar al Tribunal Superior de cualquier sentencia final del Tribunal de Distrito" pero dispuso que "[e]l procedimiento de apelación se seguirá a tenor con las reglas promulgadas por el Tribunal Supremo." Este Tribunal, cumpliendo con la disposición antes citada, aprobó las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III. Dispuso en la Regla 4 que "[s]i el escrito de apelación no se hubiere radicado dentro del término, y con la notificación, provistos en las Reglas 53.1 (a) . . . de Procedimiento Civil, la apelación será desestimada por el Juez correspondiente del Tribunal Superior." Y la Regla 53.1 (a) establece que "[l]a apelación se formalizará presentando un escrito de apelación en la secretaría de la sección del tribunal que entendió en el caso, dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia."

Como vemos, la Ley de la Judicatura estableció el derecho a apelar de cualquier sentencia final del Tribunal de Distrito y dispuso además que el procedimiento se seguiría a tenor con las reglas promulgadas por el Tribunal Supremo y este Tribunal estableció que debía radicarse la apelación dentro de un término de 30 días a contar desde el archivo en autos de una copia de la notificación de la sentencia. No hicimos

---

[1] Dispone el Art. 630 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2831:

". . . Las apelaciones [en casos de desahucio] deberán interponerse en el término de cinco (5) días contados desde la fecha en que fueren notificadas de la sentencia por el secretario de la corte correspondiente, las partes perjudicadas por la misma o sus abogados."

excepción alguna, como tampoco la hizo la Asamblea Legislativa, al disponer en la Ley de la Judicatura que el Tribunal Supremo establecería el procedimiento para regular las apelaciones del Tribunal de Distrito al Tribunal Superior. El hecho de que sometiéramos a la Asamblea Legislativa el 13 de enero de 1958 las Reglas de Procedimiento Civil dejando expresamente vigente el procedimiento para el desahucio reglamentado por los Arts. 620 al 637 del Código de Enjuiciamiento Civil, 32 L.P.R.A. secs. 2821 a 2838, no impide que este Tribunal, en el ejercicio de la facultad que le concede la Ley de la Judicatura para reglamentar el procedimiento de apelar del Tribunal de Distrito al Tribunal Superior, modifique el término para establecer la apelación consignada en la Ley de Desahucio. *Cf. Andino* v. *Fajardo Sugar Co.,* supra.

■ Es pues evidente que el término para apelar en casos de desahucio originados en el Tribunal de Distrito es el de 30 días contados a partir del archivo en autos de una copia de la notificación de la sentencia. Aparte de que se establece un término uniforme para todas las sentencias dictadas por el Tribunal de Distrito, (²) el término que establecía la Ley de Desahucio en el Art. 630 del Código de Enjuiciamiento Civil de 5 días a partir del archivo en autos de la notificación de la sentencia (³) podía en ocasiones, dada la tardanza prevaleciente en el despacho del correo, traer contratiempos, pues si bien es verdad que dicha tardanza no podrá derrotar el derecho a apelar, *Figueroa Rivera* v. *Tribunal Superior,* 85

---

(²) Con posterioridad a la aprobación por este Tribunal de las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, la Asamblea Legislativa promulgó la Ley Núm. 2 de 17 de octubre de 1961 que en su Sec. 10 establece un término de 10 días para apelar del Tribunal de Distrito al Tribunal Superior en casos de reclamación de salarios. Ver *Dorado Beach Corp.* v. *Tribunal Superior,* 92 D.P.R. 610 (1965) y *Sierra* v. *Tribunal Superior,* 75 D.P.R. 841 (1954). *Cf. Hull Dobbs Co.* v. *Tribunal Superior,* 82 D.P.R. 77 (1961).

(³) Así lo resolvimos en *Fog* v. *Corte,* 65 D.P.R. 161–164 (1945). Ver además *Andino* v. *Fajardo Sugar Co.,* 82 D.P.R. 85, 90 (1961).

880

D.P.R. 82–88 (1962), se requieren trámites ulteriores para poder hacer uso del derecho a revisar la sentencia dictada por el Tribunal de Distrito. Ver escolio 5 ([4]) en *Figueroa Rivera*, supra, pág. 88. Además debe tenerse presente que la fianza exigida por la Ley de Desahucio debe ser prestada dentro del término para apelar.

Habiéndose radicado la apelación en el presente caso dentro de los 30 días a partir de haberse archivado en autos copia de la notificación de la sentencia, *se revocará la sentencia recurrida y se devolverá el caso al Tribunal Superior para ulteriores procedimientos consistentes con esta opinión.*

---

([4]) Dispone el escolio 5:

"*Hill* v. *Hawes*, (1944) 320 U.S. 520 ofrece el ejemplo de un correctivo. El secretario de una corte de distrito envió la notificación del registro de la sentencia 7 días después de vencer el término para apelar. Para corregir tal omisión el Juez sentenciador dejó sin efecto la sentencia registrada y volvió a dictarla de manera que la parte apelara en tiempo. No obstante, la Corte de Apelaciones entendió que esta apelación estaba fuera de término y desestimó. El Tribunal Supremo, revocándola, sostuvo la apelación interpuesta a partir del segundo registro de la sentencia. Con posterioridad a esta decisión la Regla 77(d) fue enmendada adicionándose la materia a que hicimos referencia en el escolio 4 ante."