Delgado Hernández, Juez Ponente
*1063 TEXTO COMPLETO DE LA SENTENCIA
Reina de los Angeles, Inc., solicita-que revisemos mediante certiorari la resolución del Tribunal de Primera Instancia, anterior Tribunal Superior, Sala de Caguas, que denegó una moción de sentencia sumaria en un caso de alegados vicios de construcción originado en el Departamento de Asuntos del Consumidor ("DACO").
Examinado el recurso, reconsideramos y dejamos sin .efecto nuestra Resolución original denengando la solicitud. En su lugar, expedimos el auto y revocamos.
Inicialmente denegamos el recurso por haberse presentado 31 días después de la fecha de archivo en autos de copia de la resolución recurrida. Por vía de reconsideración, Reina de los Angeles plantea que al término de 30 días para recurrir en certiorari ante este Tribunal de resoluciones y órdenes interlocutorias del Tribunal de Primera Instancia, debe añadírsele el plazo de tres (3) días dispuesto por la Regla 68.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. ni. Dicha regla dispone que:
"Siempre que una parte tenga derecho a realizar, o se le requiera para que realice algún acto dentro de determinado plazo después de habérsele notificado un aviso u otro escrito, y el aviso o escrito le sea notificado por correo, se añadirán tres (3) días al período prescrito, salvo que no será aplicable a los términos que sean contados a partir del archivo en autos de copia de la notificación de la sentencia". (Enfasis suplido).
A tono con la regla, por tanto, el plazo especial de tres (3) días no está disponible para términos que dependen del "archivo en autos". Si bien el Artículo 4.002(c) de la Ley de la Judicatura de 1994 y la Regla 18(B)(2)(b) de nuestro Reglamento disponen que el término para recurrir interlocutoriamente comienza con la "notificación" de la resolución recurrida, guardan silencio sobre la aplicabilidad del plazo especial de la Regla 68.3 cuando, como en el caso ante nos, específicamente se ha archivado en autos una copia de la notificación de la resolución.
Por la particular naturaleza del "archivo en autos”, para determinar si debe de aplicarse el plazo especial de la Regla 68.3 en este caso, examinamos los conceptos procesales mencionados a la luz de las características que asume el recurso de certiorari interlocutorio en nuestra jurisdicción.
II
Tradicionalmente, la fecha de "archivo en autos" se ha utilizado para términos jurisdiccionales, dispuestos por ley. Gobernador v. Alcalde, 121 D.P.R. 522, 532 (1988). Aplica a situaciones en las cuales la parte debe actuar "extramuros", esto es, ante un foro distinto a aquel que emite la resolución u orden en virtud de la cual actúa.
Toda vez que le imparte certeza al período dentro del cual la parte debe actuar, define el punto inicial del término para apelar y de otros que paralizan o interrumpen el mismo, tales como el dispuesto para solicitar determinaciones adicionales de hecho, reconsideración y nuevo juicio. Véanse las Reglas 43.3, 47, 48.2, y 53.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. m. Por igual razón, definía el inicio del término para acudir en revisión antes de la vigencia de la Ley de Judicatura de 1994, que como es sabido, eliminó dicho recurso.
En cambio, con la notificación usualmente comienza el término para actuar que es conferido por el propio tribunal que dicta la orden o resolución en virtud de la cual se actúa. En vista de que se refiere a actuaciones "intramuros", que tienen lugar en un mismo tribunal, de ordinario no generan problemas insalvables de "ley del caso". Tampoco constituyen cosa juzgada. De ahí que el término no amerite el mismo grado de certeza que se les adscribe a *1064 aquellos para apelar o solicitar revisión y para los cuales es apropiado un archivo en autos.
A la luz de estas consideraciones, el recurso de certiorari presenta un caso especial. Por un lado, le permite a una parte impugnar "extramuros", ante otro tribunal, de más alta jerarquía, una actuación del foro de instancia, lo cual, según se indicó, justifica el uso del archivo en autos. Por otro lado, tal como era concebido clásicamente, el recurso de certiorari carecía de término. Véanse Dumont v. Inmobiliaria Estado, 113 D.P.R. 406, 415-416 (1982); Rafael Hernández Colón, Manual de Derecho Procesal Civil, Equity de Puerto Rico, Inc., Hato Rey, 1981, págs. 334-337. Por ende, no se estimaba necesario condicionar su presentación a un término que comenzara con la fecha de archivo en autos.
La Ley de la Judicatura de 1994, sin embargo, alteró esta situación, al asignarle término al recurso de certiorari. Véase Artículo 4.002(c) de la Ley. Desde este punto de vista, las consideraciones institucionales que justifican la fecha de un archivo en autos como punto de partida para el cómputo del término para recurrir asumen la misma vigencia en el certiorari interlocutorio que en la apelación.
Primero, en el certiorari la parte no está presentando un escrito ante el mismo tribunal que emitió la orden o resolución que motiva el recurso. Segundo, el término para hacerlo está, como en la apelación y otras instancias jurisdiccionales, fijado por ley. Si a tilo se le añade el elemento del "archivo en autos", los criterios que nutren la Regla 68.3 lógicamente aconsejan dejar al margen del cómputo para recurrir interlocutoriamente, el plazo adicional de tres (3) días dispuesto por dicha regla, independientemente de que el término para hacerlo no sea —como en la apelación— de carácter jurisdiccional, sino, como en el caso ante nos, de estricto cumplimiento. 
Por ello, contrario a lo planteado por Reina de los Angeles, originalmente estimamos que no debía añadirse el plazo especial de tres (3) días de la Regla 68.3 al término para acudir en certiorari. Recuérdese que en el presente caso se archivó en autos copia de la notificación de la resolución recurrida, conforme a lo cual se le impartió certeza a la notificación para fines del recurso. No empece lo anterior, reconsideramos.
En primer lugar, no existe una ley o reglamento que obligue a las Secretarías del Tribunal de Primera Instancia a archivar en autos copia de la notificación de una resolución u orden interlocutoria. Una norma general no puede depender de las contingencias del trabajo en cada Secretaría del sistema.
Segundo, en su Comentario, los redactores de la Regla 68.3 se refieren a Figueroa v. Tribunal Superior, 85 D.P.R. 82 (1962), en el cual nuestro Tribunal Supremo resolvió que el plazo adicional de tres (3) días está disponible para términos que no son jurisdiccionales. Aunque al momento de resolverse Figueroa el certiorari no tenía término y ahora sí, lo cierto es que el mismo no es jurisdiccional, sino de estricto cumplimiento.
Tercero, la Regla 68.3 corresponde a la Regla 6(e) de Procedimiento Civil Federal, 28 U.S.C.A., bajo la cual se añaden los tres (3) días cuando el término comienza con la notificación ("notice"), aun cuando se esté actuando "extramuros", es decir, recurriendo ante un tribunal distinto a aquél que emite la determinación en virtud de la cual se actúa. Véanse los casos analizados en Figueroa, supra a las págs. 87-88. Según se indicó, por disposición de ley y a tenor con nuestro Reglamento, el término para recurrir interlocutoriamente en certiorari comienza con la notificación, no con la fecha de archivo en autos.
A la luz de lo expuesto y tomando en consideración el hecho de que, habiendo sido notificada por correo de la resolución recurrida, Reina de los Angeles descansó en el plazo especial de tres (3) días dispuesto por la Regla 68.3, concluimos que la petición de certiorari *1065 se presentó oportunamente.
Ill
Analizados los méritos de la petición, resolvemos que debe desestimarse la demanda por el fundamento de cosa juzgada. El 5 de mayo de 1993, la Sra. Antonia Tirado presentó una querella en DACO contra Reina de los Angeles y F & R Construction Corp., por alegados vicios de construcción en su residencia. El 18 de septiembre de 1994, DACO desestimó la querella por entender que había transcurrido el término prescriptivo aplicable.
El 3 de noviembre de 1994, la Sra. Tirado presentó una reclamación en el tribunal por vicios de construcción y daños. Reina de los Angeles presentó una moción de sentencia sumaria en la cual alegó que la controversia entre las partes era cosa juzgada, por lo que procedía la desestimación de la demanda. El Tribunal de Primera Instancia denegó la moción. Erró.
Existe cosa juzgada cuando entre el caso inicial y aquél en el cual se invoca concurre la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron. Artículo 1204 del Código Civil, 31 L.P.R.A. see. 3343. La misma tiene el efecto de impedir que se litiguen en un pleito posterior y sobre la misma causa, las cuestiones ya litigadas y adjudicadas y aquellas que pudieron haber sido litigadas y adjudicadas en la primera acción entre las partes. Díaz v. Navieras, 118 D.P.R. 297, 304-305 (1987); Pagán Hernández v. U.P.R., 107 D.P.R. 720, 732-733 (1978).
En su querella administrativa, la Sra. Tirado alegó que en su residencia habían varios vicios o defectos, consistentes en desprendimiento del techo, manchas de humedad y varillas de moho. Idéntica reclamación formuló en el foro judicial, con la única diferencia de la solicitud de remedio. En la agencia solicitó que los defectos fueran reparados; en el tribunal solicitó daños. DACO desestimó la querella.
Tirado, sin embargo, no solicitó una reconsideración de la resolución administrativa, por lo que ésta advino final, firme e inapelable. Sección 3.15 de Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. see. 2165. Alega, no obstante, que la doctrina de cosa juzgada es inaplicable porque presentó su querella ante DACO a tenor con la Ley Núm. 130 de 13 de junio de 1967, según enmendada, mientras que la reclamación judicial fue incoada al amparo del Artículo 1483 del Código Civil, 31 L.P.R.A. see. 4124. Discrepamos. Veamos por qué.
La Ley Núm. 130, "Ley de la Oficina del Oficial de Construcción Adscrita a la Administración de Renovación Urbana y Vivienda”, según enmendada, 17 L.P.R.A. see. 501 y ss, faculta a DACO a reglamentar las actividades de constructores y urbanizadores de viviendas. Maldonado v. Las Vegas Dev., 111 D.P.R. 573, 578 (1981); United Fed. Savings v. DACO, 111 D.P.R. 424, 426 (1981). El 17 de septiembre de 1977 entró en vigor el reglamento promulgado por la agencia para regir la industria bajo esta ley. Véase 17 R. & R.P.R. secs. 503-1 a 503-10.
El Artículo 10 del reglamento preceptúa como prácticas indeseables en el negocio de la construcción defectos tales como filtraciones, humedad, varillas expuestas, aparición de "materias extrañas en la estructura", y otros. 17 R.R.P.R. sec. 503-8. Según ha resuelto nuestro Tribunal Supremo, los defectos contemplados por este reglamento no son de carácter "ruinoso", por lo que no revisten el nivel de gravedad típicamente asociado con la ruina de un edificio. Maldonado v. Las Vegas Dev., supra. En casos de ruina, rige el Artículo 1483 del Código Civil, 31 L.P.R.A. see. 4124.
Las reclamaciones bajo la Ley Núm. 130 están sujetas a un término de dos (2) años. 17 v_1___y *1066 L.P.R.A. sec. 511; Maldonado v. Las Vegas Dev., supra. Las incoadas al amparo del Artículo 1483 se rigen por un término de caducidad de diez (10) años. 31 L.P.R.A. see. 4124; Federal Ins. Co. v. Dresser Ind., 111 D.P.R. 96, 107-los (1981); González v. Agostini, 79 D.P.R. 510, 518 (1956).
DACO tiene jurisdicción primaria para atender reclamaciones al amparo de la Ley Núm. 130, 17 L.P.R.A. secs. 504(d); 511; 512; 513, y jurisdicción concurrente con el tribunal para adjudicar reclamaciones bajo el Artículo 1483 del Código Civil. Véanse 17 L.P.R.A. see. 511; Maldonado v. Las Vegas Dev., supra.
IV
Un examen del récord revela que la agencia desestimó la querella administrativa luego de una investigación y vista, por haber transcurrido el término para reclamar de dos (2) años dispuesto por la Ley Núm. 130. Al aplicar dicho término, DACO necesariamente estimó que los defectos reclamados no acusaban ruina, y en consecuencia, no estaban cubiertos por el plazo decenal dispuesto por el Artículo 1483 del Código Civil.
Como expresó nuestro Tribunal Supremo en Interstate Gen. Corp. v. Soto, 113 D.P.R. 298 (1982), la apreciación por el organismo administrativo especializado "de los diferentes términos... a utilizarse en el caso de vicios distintos... necesariamente afecta el análisis de lo que constituye un estado ruinoso en situaciones específicas". Id. a la pág. 300.
Teniendo DACO jurisdicción concurrente para atender reclamaciones decenales, lo que en consecuencia debió hacer Tirado fue aducir o "desfilar prueba demostrativa de que el defecto [era] de tal gravedad que su aparición para el tiempo en que se revela excede la medida de lo permisible técnicamente... [y que se debe] a un vicio de construcción o diseño", sujeto al Artículo 1483 del Código Civil. Interstate Gen. Corp. v. Soto, supra. No lo hizo.
La caracterización que ha hecho de los alegados defectos de construcción en uno y otro foro es idéntica. Por ende, la ausencia de una moción de reconsideración priva al tribunal de jurisdicción para examinar el dictamen de la agencia. 3 L.P.R.A. see. 2165. Bajo estas circunstancias, la determinación sobre la naturaleza de los vicios —no ruinosos— es concluyente. Demetrio Fernández, Derecho Administrativo y Ley de Procedimento Administrativo Uniforme, Editorial Forum, 1993, Sec. 8.100, pág. 471. Tirado no puede mantener en el tribunal una acción independiente derivada de los mismos hechos planteados ante la agencia.
V
En consideración a lo expuesto, se expide el auto, se revoca la resolución del Tribunal de Instancia y se dicta sentencia desestimando la demanda.
NOTIFIQUESE.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIO 95 DTA 273
1. Obsérvese además que el Artículo 4.002(c) de la Ley de la Judicatura de 1994 le impartió al mecanismo de reconsideración para fines del certiorari interlocutorio, el mismo efecto que tiene para recursos de apelación. En este último caso, el término para presentar una moción de reconsideración es de carácter jurisdiccional, y no se beneficia del plazo adicional dispuesto por la Regla 68.3. Véanse Regla 47 de las de Procedimiento Civil, 32 *1067 L.P.R.A. Ap. Ill; Lasalle v. J.A.C.L., 115 D.P.R. 805, 809 (1984); Barletta v. Tribunal Superior, 100 D.P.R. 690, 693 (1972); José A. Cuevas Segarra, Práctica Procesal Puertorriqueña Procedimiento.Civil, Publicaciones JTS Inc., San Juan, 1988, pág. 259. Esto, naturalmente, tiende a sugerir que el plazo de la Regla 68.3 es inaplicable en el cómputo del término disponible para presentar un certiorari interlocutorio.