En el Tribunal Supremo de Puerto Rico

| Angel Zayas Ortiz y María G. García<br>        Demandante-Recurridos<br><br>        V.<br><br>Royal Insurance Company of Puerto Rico, Inc.<br><br>        Demandada-Recurrente | Certiorari<br><br>98TSPR126 |

Número del Caso: CC-98-335

Abogado de la Parte Peticionaria: Lcdo. Diego Loinaz Martín

Abogado de la Parte Recurrida: Lcdo. Luis E. Gervitz Carbonell

Tribunal de Instancia: Superior San Juan

Juez del Tribunal de Primera Instancia: Hon. Oscar Dávila Suliveres

Tribunal de Circuito de Apelaciones: Circuito Regional I, Panel IV

Panel Integrado por:     Hon. López Vilanova
                         Hon. Cordero
                         Hon. Feliciano Acevedo

Fecha: 9/30/1998

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Angel Zayas Ortiz y
María G. García

    Demandantes-Recurridos

       v.                         CC-98-335        Certiorari

Royal Insurance Company of
Puerto Rico, Inc.

    Demandada-Recurrente

PER CURIAM
(Regla 50)

San Juan, Puerto Rico, a 30 de septiembre de 1998

I

Los recurridos Angel Zayas Ortiz y María G. García presentaron ante el Tribunal de Primera Instancia, Sala Superior de San Juan, demanda de daños y perjuicios contra la parte peticionaria Royal Insurance Company of Puerto Rico, Inc. (en adelante "la Peticionaria"), como consecuencia de un robo sufrido por ellos en el estacionamiento de un establecimiento de comidas McDonald's.

La Peticionaria presentó solicitud de sentencia sumaria alegando la ausencia de

controversia sobre ciertos hechos.[1] En su oposición a la solicitud de sentencia sumaria, los recurridos alegaron la existencia de hechos en controversia; sostuvieron particularmente que existía controversia de hechos sobre si McDonald's cumplió o no con su deber de proveer seguridad adecuada a las personas que patrocinan su comercio.

El 20 de agosto de 1997 se celebró una vista para, entre otras cosas, discutir la moción de sentencia sumaria. El tribunal de instancia resolvió en sala declarar no ha lugar dicha moción. En la Minuta se hizo constar, en lo que concierne a este asunto, lo siguiente:

---

[1] Los hechos materiales alegadamente indisputables, según la solicitud de sentencia sumaria, eran los siguientes:

> (1) El 11 de septiembre de 1995, el demandante Angel Zayas Ortiz ("Zayas"), radicó una querella ante la Policía de Puerto Rico por el asalto a mano armada, en el cual fue despojado de su carro y pertenencias, perpetrado por un desconocido.

> (2) Zayas, según se informa, se encontraba en la [sic] compañía de la demandante María C. García Lorenzo ("María"). El automóvil hurtado era deportivo, rojo, marca Porsche, año 1982.

> (3) El asalto ocurrió a las 11:50 de la mañana de un día claro y lo perpetró un hombre que el demandante desconocía. El incidente sucedió al aire libre en el establecimiento del restaurante denominado McDonald's ("McDonald's"), cuyo restaurante se encuentra ubicado en la Avenida Roosevelt, esquina Muñoz Rivera, en Hato Rey, Puerto Rico.

> (4) McDonald's es un establecimiento individual y el mismo no forma parte de un centro o conglomerado comercial alguno. En el establecimiento de McDonald's se encontraba el celador, que no posee arma de fuego, para velar por personas que no fuesen parroquianas del restaurante no se estacionaran en éste.

> (5) Zayas, mediante una fotografía en el periódico, identificó a José Alvarez Berríos como el criminal que lo asaltó el 11 de septiembre de 1995.

> (6) El delincuente no es empleado, agente autorizado ni representante de McDonald's.

                    "[D]iscutida la moción de sentencia
          sumaria de la parte demandada, el Tribunal
          resuelve: A la moción de sentencia sumaria,
          NO HA LUGAR."

     La Secretaria del Tribunal de instancia certificó haber

notificado copia de dicha minuta a los abogados de las partes el

22 de agosto de 1997.

     Inconforme con la determinación del Tribunal de instancia, la

Peticionaria acudió ante el Tribunal de Circuito de Apelaciones

mediante petición de certiorari, la cual presentó el 22 de

septiembre de 1997, último día para así hacerlo.[2]

---

     [2] Por tratarse de una resolución interlocutoria del Tribunal
de instancia, el recurso apropiado para acudir ante el Tribunal de
Circuito de Apelaciones es el de certiorari, a presentarse dentro
del término de cumplimiento estricto de 30 días, a tenor con lo
dispuesto por el Art. 4.002(f) de la Ley de la Judicatura de
Puerto Rico de 1994, según enmendada por la Sección 3 de la Ley
Núm. 248 de 25 de diciembre de 1995. Véase, además, la Regla 32
(D) del Reglamento del Tribunal de Circuito de Apelaciones.

La Peticionaria, sin embargo, no notificó a los recurridos el recurso de certiorari hasta el 23 de septiembre de 1997, fecha en que depositó en el correo, según el matasellos, la copia que fuera remitida a éstos.

Los recurridos presentaron moción de desestimación ante el Tribunal de Circuito de Apelaciones levantando la cuestión de que el recurso debía ser desestimado porque ellos no fueron notificados dentro del término de cumplimiento estricto de treinta días. Conjuntamente con la moción, presentaron copia del sobre por ellos recibido,

con el matasellos de correo, que claramente refleja que la copia del recurso remitido a los recurridos fue depositada en el correo por la Peticionaria el 23 de septiembre de 1997, fuera del término de cumplimiento estricto, sin que se adujera causa para ello.[3]

El Tribunal de Circuito de Apelaciones, no empece lo anterior, atendió el caso en los méritos, justificando su actuación a base de que al caso de autos le aplica la Regla 68.3 de Procedimiento Civil,[4] la cual dispone que cuando "[u]na parte tenga derecho a realizar, o se le requiera para que realice algún acto dentro de determinado plazo después de habérsele notificado un aviso u otro escrito, y el aviso o escrito le sea notificado por correo, se añadirán tres (3) días al período prescrito, salvo que no será aplicable a los términos que sean contados a partir del archivo en autos de copia de la notificación de la sentencia."

El Tribunal de Circuito de Apelaciones procedió entonces a confirmar, en los méritos, la determinación del Tribunal de instancia que declaró sin lugar la moción de sentencia sumaria. La Peticionaria acude a nosotros mediante recurso de certiorari presentado oportunamente, para que revisemos dicha determinación, señalando que:

---

[3] Véase Apéndice, pág. 90.

1. Erró el Honorable Tribunal de Circuito de Apelaciones al declarar NO HA LUGAR la Petición de Certiorari, basado en que no procede el recurso de sentencia sumaria presentado en instancia debido a que existe controversia de hechos.

2. Erró el Honorable Tribunal de Circuito de Apelaciones al no revisar y revocar la resolución del Tribunal de Primera Instancia, debido a que, desde todo punto de derecho, no existe nexo causal en la reclamación de los demandantes.

Por las razones que exponemos más adelante procede que al amparo de la Regla 50 del Reglamento de este Tribunal dictemos sentencia para desestimar el recurso de certiorari presentado por la Peticionaria ante el Tribunal de Circuito de Apelaciones, dejar sin efecto la resolución recurrida y mantener en vigor, por haber advenido final, la determinación del Tribunal de instancia mediante la cual denegó la moción de sentencia sumaria.

II

La Regla 33 (B) del Reglamento del Tribunal de Circuito de Apelaciones dispone lo siguiente sobre la notificación de los recursos a las partes:

B. Notificación del recurso a las partes

La parte peticionaria notificará la solicitud de certiorari, debidamente sellada con la fecha y la hora de presentación a los(as) abogados(as) de récord, o en su defecto, a las partes, así como al(a la) Procurador(a) General y al(a la) Fiscal de Distrito en los casos criminales, dentro del término jurisdiccional o de cumplimiento estricto establecido por ley, según fuere el caso, para presentar el recurso. Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo. La parte peticionaria certificará el hecho de la notificación en la propia solicitud de certiorari. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. La

[4] 32 L.P.R.A. Ap. III, R. 68.3.

notificación mediante entrega personal deberá hacerse en la oficina de los(as) abogados(as) que representen a las partes, entregándola a éstos(as) o a cualquier persona a cargo de la oficina. De no estar la parte representada por abogado(a), se entregará en el domicilio o dirección de la parte o de las partes, según ésta surja de los autos, a cualquier persona de edad responsable que se encuentre en la misma. En caso de entrega personal se certificarán la forma y las circunstancias de tal diligen- ciamiento, lo que se hará dentro de las próximas cuarenta y ocho (48) horas. El término aquí dispuesto será de cumplimiento estricto. (Enfasis suplido).

A tenor con la citada regla, la Peticionaria tenía hasta el 22 de septiembre de 1997 para notificarle a los recurridos del recurso de certiorari presentado ante el foro apelativo. No lo hizo. Por el contrario, no fue sino hasta el 23 de septiembre de 1997, que la Peticionaria depositó en el correo la copia del recurso que se notificaba a los recurridos, según señalamos anteriormente.

El foro apelativo, sin embargo, entendió que no procedía la desestimación del recurso, aplicando la Regla 68.3 de Procedimiento Civil, supra. Al así hacerlo, erró.

El Art. 4.002(f) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendado por la Sec. 3 de la Ley Núm. 248 de 25 de diciembre de 1995, al referirse a uno de los asuntos sobre los que conocerá el Tribunal de Circuito de Apelaciones, pertinente al caso de autos, dispone:

"Mediante auto de Certiorari expedido a su discreción, de cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición. En estos casos, el recurso de Certiorari se formalizará presentando una solicitud dentro de los treinta (30) días siguientes a la fecha de la notificación de la resolución y orden. El término aquí dispuesto es de cumplimiento estricto, excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de Certiorari [...]"

La Regla 32 (D) del Reglamento del Tribunal de Circuito de Apelaciones dispone, a su vez, que "[e]l recurso de certiorari para revisar cualquier otra resolución u orden del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes <u>a la fecha del archivo en autos de la copia de la notificación de la resolución u orden recurrida</u>". (Enfasis suplido). Esta regla dispone, además, que "[e]ste término es de cumplimiento estricto, excepto cuando mediaren circunstancias especiales debidamente justificadas en la solicitud de certiorari".

Los términos para presentar recursos de apelación o de certiorari comienzan a decursar, por lo tanto, a partir de la fecha en que se archiva en autos copia de la notificación de la sentencia, resolución u orden de la que se solicita revisión. La fecha de notificación, en estos casos, es la fecha del archivo en autos de la notificación, por lo que es improcedente añadir al término de treinta (30) días para recurrir en alzada los tres (3) días a que se refiere la Regla 68.3 de Procedimiento Civil, aplicable a las notificaciones que se envían por correo.[5]

En <u>Vega Maldonado</u> v. <u>Alicea Huacuz</u>, Op. de 2 de abril de 1998, ___ D.P.R. ____, 98 JTS 39, resolvimos que al término jurisdiccional de quince (15) días para presentar una moción de reconsideración al amparo de la Regla 47 de Procedimiento Civil, no le aplica la extensión de tres (3) días de la Regla 68.3.

Allí expresamos lo siguiente:

> El término de la Regla 47 en una sentencia es fatal. *Barletta v. Tribunal Superior*, 100 D.P.R. 690 (1972); *Sociedad de Gananciales v. A.F.F.,* 108 D.P.R. 644 (1979). Sin embargo, se ha quedado en el tintero si igual solución rige en cuanto a las resoluciones y órdenes. Una teoría, acogida por el reputado Tribunal de Circuito de Apelaciones, es que es directivo pues las órdenes y resoluciones interlocutorias carecen

---

[5] Véase <u>Figueroa Rivera</u> v. <u>Tribunal Superior</u>, 85 D.P.R. 82 (1962).

de finalidad y, por ende, contra ellas no corren términos jurisdiccionales. Bajo la misma, el Tribunal conserva facultad de corregirlas antes de que termine el pleito. O sea, por ser interlocutorias, se les niega inmediatez y finalidad.

La dificultad de este enfoque es que esos dictámenes, salvo **reconsi-deración oportuna** o que **en alzada** se dejen sin efecto, ponen fin a incidentes **dentro del proceso litigioso escalonado**. Negarle finalidad es simplemente poner en entredicho ante abogados y partes, la certeza, seriedad y autoridad que debe caracterizar nuestro sistema procesal adjudicativo en todas sus **etapas críticas antes de que se dicte sentencia**, e incluso, luego de ser dictada. Vega Maldonado v. Alicea Huacuz, supra, págs. 768-69.

Tomando en consideración que el término de treinta (30) días para presentar el recurso de certiorari en este caso es un término de cumplimiento estricto que el tribunal apelativo no puede prorrogar, salvo por causa justificada expuesta en la propia petición de certiorari, y que la Regla 33 (B) del Reglamento de dicho foro exige que se notifique a las otras partes en el litigio copia del recurso dentro del término jurisdiccional o de cumplimiento estricto, es obvio que no aplica la extensión de tres (3) días a que se refiere la Regla 68.3 de Procedimiento Civil.

Recientemente expresamos también en *Vega Maldonado v. Alicea Huacuz*, *supra*, a la pág. 769:

"El propósito de la Regla 68.3 es añadirle tres (3) días a los términos prescritos por las reglas cuando la notificación es por correo, teniendo el efecto de prorrogarlo. Sin embargo, los términos jurisdiccionales nunca pueden ser ampliados aunque sean notificados por correo. *Gobernador de P.R. v. Alcalde de Juncos,* 121 D.P.R. 522 (1988)."

El hecho de que se trate de un término de cumplimiento estricto y no jurisdiccional, no autoriza tampoco al tribunal apelativo a prorrogar el mismo, salvo justa causa para la dilación, o que la parte demuestre detalladamente al tribunal las bases razonables que tiene para la dilación. Arriaga Rivera v. Fondo del Seguro del Estado, Op. de 18 de marzo de 1998, ___ D.P.R. ____, 98 JTS 28.

En el caso de autos no se adujo justa causa para la dilación en la notificación del recurso de certiorari a la otra parte ni que existieran bases razonables para la dilación. Se notificó tardíamente. Se pretendió justificar la tardanza subsiguientemente, a base de la aplicación errónea del término de tres días cuando la notificación se realiza por correo, cuando la otra parte pidió la desestimación. Ello no justifica la tardanza.

Por los fundamentos antes expuestos procede desestimar el recurso de certiorari presentado en el caso de autos ante el Tribunal de Circuito de Apelaciones, dejar sin efecto la Resolución del foro apelativo emitida el 26 de marzo de 1998 y mantener en vigor, por haber advenido final, la Resolución del Tribunal de Primera Instancia de 20 de agosto de 1997 que declaró no ha lugar la moción de sentencia sumaria presentada por la Peticionaria. Se dictará la sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Angel Zayas Ortiz y
María G. García

    Demandantes-Recurridos

      v.                    CC-98-335      Certiorari

Royal Insurance Company of
Puerto Rico, Inc.

    Demandada-Recurrente

SENTENCIA
(Regla 50)

San Juan, Puerto Rico, a 30 de septiembre de 1998

I

Por los fundamentos expuestos en la Opinión Per Curiam que se une y hace formar parte de ésta, se dicta Sentencia dejando sin efecto la Resolución del Tribunal de Circuito de Apelaciones emitida el 26 de marzo de 1998 y se deja en vigor la Resolución del Tribunal de Primera Instancia, Sala Superior de San Juan, de 20 de agosto de 1997 que declaró no ha lugar la moción de sentencia sumaria de la peticionaria. Los procedimientos continuarán ante el Tribunal de Primera Instancia de conformidad con lo aquí dispuesto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo