EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Víctor Román Acosta y otros<br>    Recurridos<br><br>   v.<br><br>Kmart Corporation y otros<br>    Peticionarios | Certiorari<br><br>2000 TSPR 112 |

Número del Caso: CC-1999-0901

Fecha: 30/06/2000

Tribunal de Circuito de Apelaciones: Circuito Regional II

Panel Integrado por:     Hon. Sánchez Martínez
                        Hon. Ramos Buonomo
                        Hon. Cotto Vives

Abogados de la Parte Peticionaria:

       Ramírez Lavandero, Landrón & Vera, LLP
       Lcdo. Eduardo A. Vera Ramírez
       Lcdo. Lawrence J. Snyder Zalduondo

Abogado de la Parte Recurrida:

       Lcdo. Ricardo L. Torres Muñoz

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

Víctor Román Acosta y otros

    Recurridos

       v.                       CC-1999-901

Kmart Corporation y otros

    Peticionarios

Opinión del Tribunal emitida por la Juez Asociada señora Naveira de Rodón

San Juan, Puerto Rico a 30 de junio de 2000

El 10 de enero de 1999, mediante la Ley Núm. 40, la Asamblea Legislativa enmendó la Regla 46 de Procedimiento Civil, 32 L.P.R.A. Ap. III, a los fines de establecer que, los términos que se calculen a partir del archivo en autos de la notificación de la sentencia, **resolución u orden**, comenzarán a decursar a partir del depósito en el correo de la notificación de la sentencia cuando esta fecha sea distinta a la del archivo en autos de copia de la notificación de la sentencia u orden del tribunal. En virtud de dicha enmienda debemos entonces aclarar cuál es su

alcance con respecto a dictámenes de tipo interlocutorio.

I

El 9 de julio de 1999, el Tribunal de Primera Instancia, Sala Superior de Bayamón, determinó que la parte demandada, Kmart Corporation (en adelante Kmart), en una acción de daños y perjuicios instada por el recurrido, Sr. Víctor Román Acosta y otros, incurrió en negligencia. Copias de dicha resolución y de su notificación fueron archivadas en autos el 9 de agosto de 1999.

Inconforme con tal dictamen, el 9 de septiembre de 1999, Kmart presentó un recurso de certiorari ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito). Con fecha de 13 de septiembre, la parte demandante recurrida presentó una solicitud de desestimación del recurso aduciendo que éste fue presentado pasado el término de treinta (30) días dispuesto por la Regla 32(D) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A. Sostuvo que, en vista de que el archivo en autos de copia de la notificación del dictamen recurrido fue hecho el 9 de agosto de 1999, el término de treinta (30) días venció el 8 de septiembre del mismo año, un (1) día antes de que Kmart presentara su recurso.

Por su parte, el 16 de septiembre, Kmart presentó una moción en oposición a la desestimación. Alegó que, a tenor con la Ley Núm. 40 de 10 de enero de 1999, (en adelante Ley Núm. 40) que, a su vez, enmendó la Regla 46 de Procedimiento Civil, 32 L.P.R.A. Ap. III, (en adelante Regla 46) el término para presentar el recurso comenzó a decursar el 10 de agosto de 1999, fecha en la cual sostuvo que el tribunal de instancia envió por correo la notificación del dictamen recurrido. Arguyó que, el referido término venció el día en que presentó el recurso, a saber, el 9 de septiembre de 1999. Adjunto a su moción acompañó copia del sobre sellado por el correo con fecha de 10 de agosto de 1999 en que alegó le fue notificado el dictamen recurrido.

El 30 de septiembre de 1999, el Tribunal de Circuito emitió una resolución mediante la cual denegó la expedición del auto solicitado por no haber sido perfeccionado conforme a la ley. Al así resolver, el tribunal determinó que, **por tratarse el dictamen recurrido de una resolución interlocutoria**, no le era de aplicación la Ley Núm. 40, que enmendó la Regla 46. Por consiguiente, sostuvo que, independientemente de que la resolución recurrida hubiese sido enviada por correo el 10 de agosto de 1999, el término de cumplimiento

estricto[1] comenzó a decursar cuando se efectuó el archivo en autos de copia de la notificación de la resolución recurrida. Es decir, el 9 de agosto del mismo año, y venció el miércoles 8 de septiembre de 1999. En vista de ello, el Tribunal de Circuito concluyó que, además de no haber presentado su recurso dentro del término legal establecido para ello, Kmart tampoco cumplió con justificar su tardanza en el escrito de certiorari presentado, por lo que carecía de discreción para eximirle del cumplimiento del plazo dispuesto en ley. Dicha resolución fue notificada y archivada en autos copia de su notificación el 7 de octubre de 1999.

Oportunamente, el 14 de octubre de 1999, Kmart presentó una moción de reconsideración, la cual fue denegada por el tribunal apelativo mediante resolución notificada el 1 de noviembre de 1999.

De dicha resolución del Tribunal de Circuito acude Kmart, mediante el presente recurso de certiorari radicado el 30 de noviembre de 1999. Alega la comisión de los errores siguientes:

> Erró el Honorable Tribunal de Circuito de Apelaciones al no expedir el auto de Certiorari solicitado, determinando que la R[egla] 46 de Procedimiento Civil, según enmendada por la Ley 40 de 10 de enero de 1999, no es de aplicación a resoluciones u órdenes interlocutorias del Tribunal de Primera Instancia.

---

[1] Véase, Art. 4002(f) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22k(f).

> Erró el Honorable Tribunal de Circuito de Apelaciones al determinar que no existe justa causa para expedir el auto solicitado y ejercer su discreción para acoger el recurso de certiorari toda vez que existe justa causa, una interpretación razonable y de buena fe de la parte demandada-peticionaria y su representación legal, en cuanto al alcance de una enmienda reciente legislada que constituye una cuestión novel y sobre la cual no existe jurisprudencia interpretativa.

Mediante Resolución de 21 de enero de 2000, le concedimos a la parte recurrida término para que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar la resolución emitida por el Tribunal de Circuito. La recurrida no ha comparecido. Ante tales circunstancias resolvemos, sin el beneficio de su comparecencia, según lo intimado.

En esencia, en su primer señalamiento de error, Kmart adujo que incidió el Tribunal de Circuito al no expedir el auto de certiorari solicitado, determinando que la Regla 46, según enmendada por la Ley Núm. 40, no es de aplicación a resoluciones u órdenes interlocutorias del tribunal de instancia. Argumenta que la interpretación del tribunal apelativo sobre la Ley Núm. 40, a los efectos de que su aplicación tan solo se extiende a sentencias finales, es una restrictiva a la luz del citado estatuto. Le asiste la razón. Veamos.

II

Como bien conocemos, las "sentencias" constituyen determinaciones de un tribunal que resuelven finalmente una cuestión litigiosa y, por tanto, son apelables. Es decir, éstas ponen fin a una controversia entre las partes mediante su adjudicación final. Véase, Regla 43.1 de Procedimiento Civil, según enmendada, supra.

De otra parte, las "resoluciones" sólo ponen fin a incidentes acontecidos dentro de un proceso judicial. Véase De Jesús v. Corp. Azucarera de P.R., P.C. de 29 de junio de 1998, 145 D.P.R.___ (1998); 98 JTS 86. Así pues, si un tribunal emite un dictamen y lo titula resolución, a pesar de que éste verdaderamente pone fin a una controversia entre las partes, el mismo constituye una sentencia de la cual puede apelarse. De Jesús v. Corp. Azucarera de P.R., supra.[2]

---

[2] Sobre este particular, la Regla 43.5 de Procedimiento Civil, supra, dispone que un tribunal puede dictar una sentencia final en cuanto a una o más reclamaciones sin disponer de la totalidad del pleito, "siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito", y ordene expresamente que se registre la sentencia. Así pues, la sentencia parcial dictada será final para todos los fines en cuanto a la controversia en ella adjudicada, y una vez sea registrada y se archive en autos copia de la notificación, comenzarán a decursar, en lo que a ella respecta, los términos dispuestos en la Reglas 47, 48 y 53 de Procedimiento Civil, supra. Torres Capeles v. Rivera Alejandro, Op. de 30 de mayo de 1997, 143 D.P.R.____ (1997), 97 JTS 77 a la pág. 1092. Véase, además, Asociación de Propietarios v. Santa Bárbara Co., 112 D.P.R. 33, 35 (1982)

En su dictamen, el Tribunal de Circuito concluyó que en vista de que Kmart acudía ante su consideración de una **resolución interlocutoria** del Tribunal de Primera Instancia, no era de aplicación la Ley Núm. 40, que enmendó la Regla 46, ya que la enmienda limitó su aplicación a la notificación y el registro de las sentencias y no a resoluciones y órdenes emitidas por el tribunal. Erró en su interpretación el Tribunal de Circuito. Veamos.

La Regla 46, antes de ser enmendada por la Ley Núm. 40 disponía lo siguiente:

> Será deber del secretario notificar a la brevedad posible dentro de las normas que fije el Tribunal Supremo, **las sentencias** que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos y Procedimientos constituye el registro de la sentencia. **La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación** y el término para apelar empezará a correr a partir de la fecha de archivo. (Énfasis nuestro.)

Del texto antes citado surge que esta disposición se refería al procedimiento mediante el cual el secretario del tribunal debía notificar y registrar las sentencias emitidas por el tribunal. Ciertamente dicha disposición **originalmente no estaba disponible para las órdenes y resoluciones** que emitiera el tribunal. La razón para ello era que estas últimas estaban y aún están cubiertas por la Regla 65.3 de Procedimiento

Civil, supra, (en adelante Regla 65.3) que, en lo aquí pertinente, dispone:

> (a) Inmediatamente después de archivarse en autos copia de una **orden o sentencia**, el secretario notificará tal archivo a todas la partes que hubieren comparecido en el pleito en la forma preceptuada en la Regla 67. **El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo de una orden o sentencia**.

Al evaluar el texto de cada una de las Reglas antes citada podemos observar que cada una regula situaciones distintas.

Como hemos visto, la Regla 46, disponía, de forma taxativa, que hasta que no se archivaba en autos **copia de la notificación de la sentencia** ésta no surtía efecto y que, a su vez, esta fecha era la que determinaba cuando comenzaba a decursar el término para apelar. Por lo tanto, el énfasis es en el archivo de copia de la notificación.

De otra parte, la Regla 65.3, supra, se refiere simplemente **al archivo en autos de una orden o sentencia** y de la notificación por correo de este hecho. La Regla 65.3 no exige **el archivo en autos de copia de la notificación.**

El 10 de enero de 1999, la Asamblea Legislativa aprobó la Ley Núm. 40. Ésta tuvo el propósito de enmendar la Regla 46, a los fines de establecer que los términos que se calculen a partir del **archivo en autos**

**de copia de la notificación de la sentencia, resolución u orden**, comenzarían a decursar a partir del **depósito en el correo de copia de la notificación de la sentencia u orden, cuando ésta fecha fuera distinta a la de archivo en autos de copia de la notificación** de la sentencia u orden de que se trate.  Sobre el particular, la enmienda a la Regla 46, dispuso lo siguiente:

> Si la fecha de archivo en autos de **copia de la notificación de la sentencia, resolución u orden es distinta a la del depósito en el correo de dicha notificación,** el término se calculará a partir de la fecha del depósito en el correo. (Énfasis nuestro.)

Del texto antes transcrito no se desprende una intención legislativa de limitar la aplicación de la referida Regla tan sólo a sentencias finales.  Por el contrario, el mismo específicamente incluye órdenes y resoluciones, de las cuales **se haya archivado en autos copia de su notificación**.  Por consiguiente, es claro que la enmienda que efectuó el legislador a la Regla 46, amplió su alcance haciendo dicha Regla aplicable a dictámenes de carácter interlocutorio del tribunal de instancia, en que, como ocurrió en el caso de autos, se hubiese archivado en autos **copia de su notificación**.  No aplicaría, claro está, a aquellos dictámenes interlocutorios que simplemente se hubieran archivado en autos y notificado por correo.  A éstos les continuaría siendo aplicable la Regla 65.3, supra, ya que no ha

habido un archivo en autos de **copia de la notificación de dicho dictamen**.

La confusión del Tribunal de Circuito pudo haber sido causada por tres (3) factores. Primero, que la Regla 46, aparece en la Parte VII del cuerpo de las Reglas de Procedimiento Civil titulada "De las Sentencias" y el título de dicha Regla es "Notificación y Registro de Sentencias". Segundo, que el texto de la Regla 46, antes de la enmienda disponía únicamente para su aplicación a sentencias finales y así aún permanece en la primera parte de la Regla. Y, en tercer lugar, por lo parecido del lenguaje de las Reglas 46 y 65.3.

Ahora bien, la razón por la cual la Regla 46 antes de ser enmendada sólo aplicaba a sentencias era porque bajo el esquema anterior a la Reforma Judicial del 1994,[3] sólo existía necesidad de darle certeza a la fecha en que las sentencias emitidas por el foro de instancia adquirían finalidad **al ser archivada en autos copia de su notificación**. Éste era el momento crucial en que comenzaban a decursar los distintos términos de naturaleza jurisdiccional establecidos por la Reglas de Procedimiento Civil para solicitar los remedios post-sentencia, tales como la reconsideración o la solicitud de determinaciones de hechos adicionales y conclusiones de derecho. Al adquirir finalidad la sentencia también

comenzaba a decursar el término jurisdiccional para recurrir en alzada mediante la presentación de un recurso de apelación o revisión, según fuere el caso.

De otra parte, bajo ese esquema, todas las resoluciones u órdenes interlocutorias eran revisables sólo mediante el recurso de certiorari clásico, que no tenía término y se regía por la norma de equidad de incuria. No existía, pues, necesidad de certeza en cuanto al momento en que comenzaba a contarse el término para solicitar la revisión en alzada de dicho dictamen. Resulta también importante tener presente que el solicitar la reconsideración o revisión de un dictamen interlocutorio, usualmente, no es crítico y vital para el litigante, ya que éste no pierde el derecho a revisarlo. Puede hacerlo al concluir el pleito, como parte de la revisión que solicite de la decisión final, siempre y cuando, claro está, el dictamen afecte adversamente el resultado.

Bajo el régimen anterior, la notificación de las resoluciones y órdenes interlocutorias se regía por la Regla 65.3 y, por lo tanto, el punto de partida para hacer la determinación de si había habido o no incuria era el depósito en el correo de la notificación del archivo en autos de la resolución u orden **en sí**. No se

---

3    Art. 1.001 del Plan de Reorganización de la Rama Judicial, Núm. 1a de 28 de julio de 1994, conocido como la Ley de la Judicatura de Puerto Rico de 1994.

archivaba en autos copia de la **notificación** de la resolución un orden.

Luego de la Reforma Judicial de 1994, el esquema cambió. Se establecieron términos de naturaleza jurisdiccional y cumplimiento estricto para revisar tanto las sentencias finales como los dictámenes interlocutorios. A pesar de haber cambiado el esquema, no todas las reglas procesales pertinentes fueron modificadas. Como resultado, en algunas ocasiones y en relación con ciertas reglas ocurrió un desfase entre el nuevo esquema y la vieja reglamentación. En este momento fue que surgió, por primera vez, la necesidad de darle certeza al punto de partida para comenzar el cómputo de los términos para revisar algunas de las resoluciones y órdenes interlocutorias más importantes. La enmienda a la Regla 46 tuvo el efecto de impartirle certeza al computo del término para revisar aquellas determinaciones interlocutorias para las cuales el tribunal de instancia hubiese provisto el archivo en autos de copia de la notificación de la resolución u orden, ya que es sólo con respecto a estos dictámenes interlocutorios que les es aplicable la Regla 46. Es cuando no hay simultaneidad entre el momento en que se archiva en autos de copia de la notificación de la resolución u orden y el depósito en el correo que entra en función la enmienda. **Si no ha habido un archivo en autos de copia de la notificación, no puede existir la**

**discrepancia que activa la Regla**. Ahora bien, al resto de las resoluciones u órdenes interlocutorias les continúa siendo de aplicación lo dispuesto en la Regla 65.3.

En resumen, al amparo de la Regla 46, ocurren tres eventos procesales: (i) el archivo en autos de la sentencia, resolución u orden previamente emitida por el tribunal; (ii) el archivo en autos de copia de la notificación a las partes del evento anterior; y finalmente, (iii) el depósito en el correo de lo antes mencionado. Es cuando no existe simultaneidad entre el evento (ii) y el (iii) que entra en función la enmienda a la Regla 46.

De otra parte, la Regla 65.3 está compuesta solamente de dos eventos procesales: el archivo en autos de la sentencia, resolución u orden y el depósito en el correo de la notificación de dicho archivo.

Finalmente, es menester señalar que no existe uniformidad en cuanto a la forma en que las Secretarías de la distintas Regiones Judiciales tratan este asunto. En algunas Regiones se archiva en autos copia de la notificación de toda sentencia y resolución. En otras sólo se archivan en autos copia de la notificación de las sentencias y de algunas resoluciones, y en otras, sólo las de las sentencias.

Consideramos, sin embargo, que a pesar del cambio en el esquema, no toda resolución u orden amerita el que

se le dé certeza a la fecha en que comienza el término para solicitar la revisión en alzada, mediante **el archivo en autos de copia de la notificación de dicho dictamen**. El costo y el trabajo adicional para las Secretarías de instancia, ya recargadas, no lo justifica. No obstante, la práctica en instancia debe ser uniformada manteniendo la mayor parte de las resoluciones bajo la normativa procesal de la Regla 65.3 y sólo, a manera de excepción, utilizar el mecanismo más trabajoso de la Regla 46.

Lo que hoy proponemos no causará trastornos ni en la práctica actual ni en el funcionamiento de las Secretarías de los tribunales, pues el momento clave, tanto bajo la Regla 46 como bajo la Regla 65.3, continuará siendo el depósito en el correo. Es decir, bajo la Regla 46, cuando no haya simultaneidad y siempre, bajo la Regla 65.3.

En virtud de lo antes expuesto, es ineludible concluir que la Ley Núm. 40, armoniza perfectamente, no sólo con la Regla 46, sino también con la Regla 65.3. En consecuencia erró el Tribunal de Circuito en la interpretación del alcance de la Regla 46.

Aclarado lo anterior y habiendo resuelto que al caso de autos le es de aplicación la Regla 46, procedemos a discutir el segundo error.

III

En síntesis, en su segundo señalamiento de error aduce Kmart que incidió el Tribunal de Circuito al desestimar su recurso bajo el fundamento de que no adujo justa causa para la radicación tardía del recurso. Argumenta que actuó de buena fe y descansando en una interpretación razonable del alcance de la Regla 46, según enmendada por la Ley Núm. 40, cuyo ámbito de aplicación sostiene es ambiguo. Veamos.

Recientemente en Martínez, Inc. v. Abijoe Realty Corp., Op. de 12 de mayo de 2000, tuvimos la oportunidad de examinar el alcance de la Ley Núm. 40, la cual, como sabemos, enmendó la Regla 46. En dicho caso fuimos enfáticos al decir que:

> [L]os términos que se computan a partir del archivo en autos de copia de la notificación de una sentencia, resolución, orden, comenzarán a decursar a partir del depósito en el correo de la notificación del dictamen cuando esta fecha sea distinta a la del archivo en autos del mismo.

También, dispusimos un procedimiento administrativo para atender aquellas situaciones excepcionales en que no exista simultaneidad entre el archivo en autos y la notificación por correo. Martínez, Inc. v. Abijoe Realty Corp., supra.

Finalmente, pero no menos importante, en el segundo párrafo del esc. 7 de dicha Opinión dispusimos que:

> [E]l Reglamento de este Tribunal y del Circuito no exigen taxativamente la inclusión del sobre, pues fueron aprobados antes de la Ley Núm. 40. Estamos ante una situación que se aparta de la norma general de simultaneidad y configura una anomalía indeseable causada por la Secretaría del Tribunal recurrido. La mejor práctica es que se incluya en el Apéndice el sobre de envío. Sin embargo, no podemos concluir que su omisión produce automáticamente y de forma fatal la falta de perfeccionamiento de recurso en tiempo, que a su vez genera la falta de jurisdicción. Ahora bien, si una vez señalada la falta, el peticionario o el apelante (según sea el caso) la subsana con prontitud, el tribunal no carecería de jurisdicción.

A la luz de todo lo antes expuesto, resulta forzoso concluir que si la fecha de archivo en autos es distinta a la del depósito en el correo, el término debe ser computado a partir de esta última. Además, el no incluir el sobre como prueba no acarrea automáticamente falta de jurisdicción si, señalada la omisión, el peticionario la subsana con prontitud.

En el caso de autos el tribunal de instancia emitió una resolución el 9 de julio de 1999, y se archivó en autos copia de su notificación el **9 de agosto de 1999.** Sin embargo, la notificación no fue depositada en el correo hasta el **10 de agosto de 1999.** Es a partir de esa fecha que, en virtud de la Regla 46, comenzó a decursar el término para recurrir el alzada de la sentencia del foro de instancia. Éste venció el **9 de**

**septiembre de 1999.** En consecuencia, Kmart presentó oportunamente el recurso ante el Tribunal de Circuito. Cabe destacar, además, que Kmart, con prontitud, es decir dentro de un plazo de tres (3) días, contados esto a partir de la fecha en que la parte recurrida presentó su solicitud de desestimación (13 de septiembre), subsanó la falta e incluyó el sobre que acreditaba el depósito en el correo de la notificación de la resolución.

Por todo lo anteriormente expuesto, se expide el auto de certiorari y se revoca el dictamen del Tribunal de Circuito de Apelaciones. Se devuelve el caso a dicho Tribunal para que sea atendido en los méritos.


                              Miriam Naveira de Rodón
                              Jueza Asociada

CC-98-851

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Víctor Román Acosta y otros

    Recurridos

       v.                      CC-1999-901

Kmart Corporation y otros

    Peticionarios

SENTENCIA

San Juan, Puerto Rico a 30 de junio de 2000

    Por los fundamentos expuestos en la Opinión que antecede, se expide el auto de certiorari y se revoca el dictamen del Tribunal de Circuito de Apelaciones. Se devuelve el caso a dicho Tribunal para que sea atendido en los méritos.

    Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García disiente con opinión escrita. El Juez Asociado señor Rebollo López no interviene.

                           Isabel Llompart Zeno
                      Secretaria del Tribunal Supremo

CC-98-851

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Víctor Román Acosta y otra

    Recurridos


      v.                    CC-1999-901     Certiorari


Kmart Corporation y otros

    Peticionarios


Opinión Disidente del Juez Asociado señor Negrón García


San Juan, Puerto Rico, a 30 de junio de 2000

I

No podemos suscribir la respetable Opinión mayoritaria. **Primero**, no se cuestiona que la "Resolución" del Tribunal de Primera Instancia (Hon. Luis G. Quiñones Martínez), fechada y notificada el 9 de julio de 1999 –pero depositada en el correo al otro día (10)–, mediante la cual dictó "Sentencia Sumaria" imponiendo responsabilidad a Kmart Corp., a favor del demandante Víctor Román Acosta, en realidad fue de carácter interlocutorio. Con la misma, el "tribunal simplemente fraccionó los elementos básicos de la controversia: negligencia y

daños". <u>Díaz</u> v. <u>Navieras de Puerto Rico</u>, 118 D.P.R. 297-301 (1987); <u>Dalmau</u> v. <u>Quiñones</u>, 78 D.P.R. 551 (1955). Como resolución, según correctamente concluyó el Tribunal de Circuito de Apelaciones (Hons. Sánchez Martínez, Ramos Buonomo y Cotto Vives), sólo era revisable vía <u>certiorari</u> formalizado "dentro de los treinta días siguientes a la fecha de su notificación". Sabido que este término es de cumplimiento estricto, salvo, "cuando mediaren circunstancias especiales debidamente sustentadas en la petición de <u>certiorari</u>". <u>Id.</u>

**Segundo**, esa caracterización errónea adjudicativa de "Sentencia Sumaria" no varió su naturaleza interlocutoria. Ni siquiera una expresión u orden al efecto del Tribunal a la Secretaría (lo que no hizo), hubiere transformado su característica procesal de resolución interina. Cf. <u>Camalegio</u> v. <u>Dorado Wings, Inc.</u>, 118 D.P.R. 20-26 (1986).

En el caso de autos, la Secretaría usó el impreso y lenguaje apropiado correspondiente a una resolución (Forma OAT 750),[4] muy distinto al de una Sentencia (Forma OAT 704).[5] Este trámite no alteró su carácter interlocutorio ni le imprimió ingredientes que en su esencia no poseía.

---

[4] Véase Apéndice A.

[5] Véase Apéndice B.

**Tercero**, conforme la Regla 65.3[6] de Procedimiento Civil, la notificación de la resolución interlocutoria que nos ocupa el 9 de agosto de 1999 a las partes fue, según indicado, a través de la Forma OAT 750. Quedó **perfeccionada en la fecha en que la Secretaria del Tribunal unió a los autos copia de su notificación, certificando ese hecho** y se anotó en el <u>Libro de Providencias Interlocutorias</u>. A partir de la fecha que consignó dicha certificación (9 de agosto), debió Kmart Corp. computar todos los términos asociados con la referida resolución. Recuérdese, que ese trámite estableció en el escrito judicial, una certeza a las partes para que éstas pudieran actuar a base del dato avalado por la certificación oficial del Tribunal.

Por su naturaleza interlocutoria (no sentencia ni resolución u orden post-sentencia), el hecho de que no haya existido simultaneidad entre archivo y el depósito en el correo –cuya una fecha posterior a la reflejada en la certificación de la Secretaría estaba en el sobre–, no generó automáticamente una ampliación de los términos envueltos.

---

[6] Reza en lo pertinente:

"Inmediatamente después de archivarse en autos copia de una **orden o sentencia**, el secretario notificará tal archivo a todas las partes que hubieren comparecido en el pleito en la forma preceptuada en la Regla 67. **El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una**

II

No cambia el resultado la Ley Núm. 40, de 10 de enero de 1999, que enmendó la Regla 46 de Procedimiento Civil. La misma dispuso que "[s]i la fecha de archivo en autos de copia de la notificación de la **sentencia, resolución u orden** es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo."

Según resolvimos en <u>Martínez, Inc.</u> v. <u>Abijoe Realty, Corp.</u>, res. en 12 de marzo de 2000, dicho estatuto intentó superar la preocupación de la Asamblea Legislativa en cuanto a "términos **apelativos** que corren a partir del archivo en autos de la copia de la notificación de la sentencia".

La opinión mayoritaria parte de la hipótesis procesal errónea de que un tribunal puede discrecionalmente alterar el trámite pautado en las Reglas y ordenar el archivo en autos de copia de la notificación de "algunas resoluciones y órdenes interlocutorias más importantes" (Opinión, pág. 12). **Contrario a la visión mayoritaria, la enmienda no afectó el cómputo de términos relacionados a resoluciones u órdenes de naturaleza interlocutoria, como la que nos ocupa.** Los conceptos "resolución u orden" –última oración de la Regla 46, según enmendada–, corresponden a aquellos dictámenes que pueden ser emitidos

---

**notificación del archivo de una orden o**

relacionados con incidentes **post-sentencias**, cuyos términos tienen un mismo punto de partida y están gobernados por el trámite más formal, esto es, el archivo en autos de la copia de notificación de la sentencia (Forma OAT 704), y se anotan en el Registro de Pleitos y Procedimientos. Nos referimos a las mociones de reconsideración, solicitudes de determinaciones de hecho o derecho adicionales o nuevo juicio, los cuales como denominador común interrumpen y generan nuevamente términos de naturaleza jurisdiccional; esto es, reinician el cómputo de los términos para apelar o revisar. Vega Maldonado v. Alicea Huacuz, res. en 2 de abril de 1998, 145 D.P.R. ____ (1998); Gobernador de Puerto Rico v. Alcalde de Juncos, 121 D.P.R. 522-532 (1988).

En la situación ante nos, el término para Kmart Corp. recurrir empezó a decursar el 9 de agosto de 1999 y expiró el 8 de septiembre de 1999, esto es, un (1) día antes de presentar su recurso. Ante el Tribunal de Circuito de Apelaciones no justificó oportunamente su demora.

En estas circunstancias, procedía su desestimación.[7] Véase, Zayas Ortiz v. Royal Insurance Company of Puerto Rico, res. en 30 de septiembre de 1998, 146 D.P.R. _____

---

**sentencia.**" (Énfasis suplido).

[7] Claro está, existen situaciones de excepción en que si la demora es sustancial y perjudica los derechos de las partes a debido proceso de ley, procede un enfoque distinto. García Claudio v. García Guevara, res. en 11 de junio de 1998, 145 D.P.R. ___ (1998); Canales v. Converse de Puerto Rico, Inc., 129 D.P.R. 786 (1992); Vda. de Carmona v. Carmona, 93 D.P.R. 140 (1966); Figueroa Rivera v. Tribunal Superior, 85 D.P.R. 82 (1962).

(1998); <u>Banco Popular de Puerto Rico</u> v. <u>Mun. de Aguadilla</u>, res. en 29 de diciembre de 1997, 144 D.P.R. _____ (1997).


ANTONIO S. NEGRÓN GARCÍA
Juez Asociado

---

Ciertamente, en el caso ante nos, la tardanza de un (1) día no configuró esa excepción, y por ende no puede beneficiar a Kmart Corp.

**Apéndice A**


ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR


_____
        DEMANDANTE
                CASO NUM:

        SALON:
        VS.

_____
        DEMANDADO              ACCIÓN CIVIL
                        _____
                                CAUSAL O DELITO


                        NOTIFICACION

    CERTIFICO QUE EN RELACION CON CASO DE EPIGRAFE ------------ EL DIA

____ DE _____ DE _____. EL TRIBUNAL DICTO LA RESOLUCION Y ORDEN

QUE SE ACOMPAÑA A CONTINUACION:



        FDO._____
                        JUEZ


    CERTIFICO ADEMAS QUE EN EL DIA DE HOY ENVIE POR CORREO COPIA DE

ESTA  NOTIFICACION  A  LAS  SIGUIENTES  PERSONAS  A  SUS  DIRECCIONES

INDICADAS, HABIENDO EN ESTA MISMA FECHA ARCHIVADO EN LOS AUTOS COPIA DE

ESTA NOTIFICACION.


SAN JUAN, PUERTO RICO, A  ____ DE _____ DE _____


                        _____
                                SECRETARIO


                POR: _____
                        SECRETARIO AUXILIAR


O.A.T. 750-NOTIFICACION DE RESOLUCIONES Y ORDENES


                        **Apéndice B**

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR

_____
            DEMANDANTE                    CASO NUM:

                                          SALON:
                VS.

_____          DAÑOS Y PERJUICIOS
        DEMANDADO                         _____

                                          CAUSAL O DELITO


NOTIFICACION DE SENTENCIA

EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL HA DICTADO SENTENCIA EN EL CASO DE EPIGRAFE CON FECHA _____ DE _____ DE _____, QUE HA SIDO DEBIDAMENTE REGISTRADA Y ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE PODRA USTED ENTERARSE DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.


Y, SIENDO O REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA SENTENCIA, DE LA CUAL PUEDE ESTABLECERSE RECURSO DE APELACION, DIRIGIDO A USTED ESTA NOTIFICACION, HABIENDO ARCHIVADO EN LOS AUTOS DE ESTE CASO COPIA DE ELLA CON FECHA _____ DE _____ DE _____.


SAN JUAN, PUERTO RICO, A  _____ DE _____ DE _____


                              _____
                                      SECRETARIO


                    POR: _____
                              SECRETARIO AUXILIAR


O.A.T. 704-NOTIFICACION DE SENTENCIA