UNITED FEDERAL SAVINGS & LOAN ASSOCIATION OF PUERTO RICO, peticionaria, *v.* DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR, recurrido.

*Número:* O-79-179      *Resuelto:* 29 de junio de 1981

*Correa Calzada, Collazo Salazar, Herrero & Lázaro Paoli*, abogados de la peticionaria; *Lucía Ferreira*, abogada del recu-

rrido; *Fournier, Fournier, Rachid & Fournier* y *Florencio Rodríguez,* abogados de la Liga de Ahorros y Préstamos de Puerto Rico, que compareció como *amicus curiae.*

PER CURIAM: United Federal Savings & Loan Association vino en posesión en virtud de ejecución de hipoteca y dación en pago de varios apartamientos en dos edificios multipisos, para la construcción de los cuales había concedido sendos préstamos. Una vez adquiridos procedió a venderlos.

El Departamento de Asuntos del Consumidor le comunicó que había violado la Ley Núm. 130 de 13 de junio de 1967 (17 L.P.R.A. sec. 501 *et seq.*) según enmendada por la Ley Núm. 160 de 9 de junio de 1976, así como el Art. 5, Sec. 4 del Reglamento de Construcción promulgado por esa agencia gubernamental, al no haber obtenido la licencia requerida por la ley a urbanizadores o constructores que se dediquen al negocio de la construcción de viviendas, incluso la promoción o venta de unidades de vivienda. Se le impuso una multa administrativa de $1,000.

La peticionaria impugnó esa determinación. La Secretaria del Departamento la sostuvo. Accedimos a revisar la sentencia del Tribunal Superior, que confirmó ese dictamen.

El auge en la construcción de viviendas en Puerto Rico motivó a la Asamblea Legislativa a aprobar legislación para facilitar a los compradores vindicar los derechos que las leyes vigentes le concedían. Se estableció un remedio administrativo por la Ley Núm. 130 de 13 de junio de 1967 antes mencionada. Mediante esta ley se le exige una licencia a todo urbanizador o constructor. La Ley Núm. 130 de 1967, según fuera enmendada por la Ley Núm. 160 de 1976, define el concepto urbanizador o constructor:

> "Urbanizador o Constructor" significará toda persona que se dedique al negocio de la construcción en calidad de empresario o principal responsable de la promoción, diseño, venta, construcción de obras de urbanización para vivienda,

o de la construcción en grande escala de viviendas, bien del tipo individual o multipisos. *Incluye la persona, natural o jurídica, corredora de bienes raíces que se dedique a la promoción o venta de unidades de vivienda sean éstas de tipo individual o multipisos; Disponiéndose que el corredor de bienes raíces no será responsable por los defectos de construcción de las viviendas construidas y cubiertas por este Capítulo.*

Incluye a quien asuma la responsabilidad total para la presentación ante la Junta de Planificación de consultas de ubicación y uso de terrenos, y ante la Administración de Reglamentos y Permisos del desarrollo preliminar, planos preliminares y finales para la construcción de las obras en un predio extenso de terreno que habrá de lotificarse para la construcción de viviendas (unifamiliares o multifamiliares), o que comisione a otros para realizar cualesquiera de tales actividades.

Además incluye a quien desarrolle parcelas o lotes de terreno en número mayor que el permitido como lotificación simple según las leyes y reglamentos de la Junta de Planificación o la Administración de Reglamentos y Permisos, o a quien construya casas o apartamientos para la venta, arrendamiento, u otro uso, en número mayor de 20 como un solo proyecto.

No incluirá a los Gobiernos de los Estados Unidos, del Estado Libre Asociado, sus subdivisiones políticas, las corporaciones públicas ni a los municipios. (Énfasis nuestro.) 17 L.P.R.A. sec. 502(d).

▬▬ Una lectura del anterior precepto demuestra que la ley solo tiene el propósito de reglamentar las actividades del urbanizador o constructor en todas sus etapas inclusive la de venta de las viviendas. A esos que a eso se dedican son a los que el Art. 5 de la Ley les exige tener licencia. Cuando el legislador entendió que debía extender el ámbito de la ley, lo hizo expresamente añadiendo por enmienda lo que está en bastardillas en la definición de urbanizador o constructor antes transcrita. El legislador, al ampliar la definición, estableció que incluía a la persona natural o jurídica que se dedicara a la promoción o venta de unidades de vivienda. La peticionaria ni remota-

mente se dedica a la promoción o venta de unidades de vivienda. No vemos cómo pueda extenderse la cubierta de la ley a una entidad que se ha visto obligada a hacerse cargo de unas viviendas en pago de una acreencia.

Precisamente en la exposición de motivos de la Ley Núm. 160 se hace referencia al problema del financiamiento para viviendas al referirse a que ". . . han surgido negocios que se dedican a obtener [el] financiamiento y a servir de intermediario entre el urbanizador y el prestamista". Ciertamente no debe ser por interpretación judicial que se amplíe el ámbito regulador de la ley para que incluya a las entidades que suplen el financiamiento y que se vean obligadas a ejecutar las hipotecas que garantizan los préstamos concedidos. En la exposición de motivos, como vemos, a lo que se hace referencia es al intermediario entre el urbanizador y la entidad que proporciona el financiamiento. Es a la Asamblea Legislativa a quien le toca hacer esa determinación.

*Se revocará la sentencia dictada por el Tribunal Superior, así como la determinación del Departamento de Asuntos del Consumidor.*