TEXTO COMPLETO DE LA SENTENCIA
La parte querellante-recurrente, Sr. Prisciliano Saldaña Rivera, Nilda María Cintrón Ortiz y Jovhan F. Saldaña Cintrón, nos solicita la revisión de la Resolución en Reconsideración emitida por el Departamento de Asuntos del Consumidor (en adelante, DACO), el 13 de septiembre de 2006. En ésta, DACO modificó la Resolución previamente dictada el 1 de junio de 2006, a los únicos efectos de ordenar el cumplimiento de los acuerdos convenidos por las partes con anterioridad a la celebración de la vista administrativa y confirmó en los demás extremos la determinación recurrida.
I
Del expediente ante nuestra consideración surge que el Sr. Prisciliano Saldaña Rivera y su esposa, la Sra. Nilda María Cintrón Ortiz (en adelante, los recurrentes), compraron el apartamento H-301 en el proyecto Condominio Colinas del Bosque, situado en el Municipio de Bayamón, mediante Escritura de Compraventa otorgada el 27 de agosto de 2004. Inconformes con la atención recibida a sus reclamos por deficiencias de construcción, los recurrentes presentaron ante DACO la Querella de Construcción Núm. 300010705, [1] sobre vicios de construcción, contra la desarrolladora dél proyecto, Condominio Colinas del Bosque, .S.E., la compañía que construyó el apartamento, Dick Corporation of PR Inc., y a UNA Surety Corp., su aseguradora (en adelante todos, los recurridos). Argüyeron que su apartamento adolecía, entre otras, de las siguientes deficiencias: estancamiento de agua por declives del piso en la entrada principal y el balcón, deterioro en el esmalte/pintura de las bañeras, losas del piso rotas, puertas defectuosas, gabinetes esponjados en la cocina y baño y, contrario a lo pactado, instalación de rosetas en vez de lámparas y de gabinetes que no eran de madera *1181 laminada.
Luego de otros trámites procesales, producto de la inspección realizada el 12 de enero de 2005, el Investigador de Querellas sobre Construcción II del DACO emitió su Informe de Inspección el 29 de julio de 2005. Así las cosas, la vista administrativa fue celebrada el 11 de abril de 2006. A esa fecha, las partes habían limitado las reclamaciones a discutirse en las siguientes: el empozamiento de agua en la entrada principal, que el material de construcción de los gabinetes de cocina no fue el pactado, el deterioro del gabinete de baño, la ausencia de buzones de correo y facilidades recreativas, la obstrucción de vista según promocionada e instalación de rosetas en lugar de lámparas.
Atendida la prueba presentada durante la vista, el 1 de junio de 2006, el DACO emitió su Resolución, en la que determinó como hechos probados que:

“5. La parte querellada ha intervenido con el empozamiento de agua que presenta la entrada principal del apartamento; sin embargo, el empozamiento continúa.

6. El contrato de compraventa específica que las facilidades recreativas serían construidas en Colinas del Bosque II, [proyecto que] al día de hoy no se ha comenzado a construir; y que el calentador eléctrico, detector de humo y lámparas estaban incluidas en el precio de venta.

7. El apartamento que adquirió la parte querellante está localizado en Colinas del Bosque I.

8. Los buzones no se han instalado al día de hoy.

9. En el apartamento de la parte querellante no se instalaron lámparas, sino rosetas.

10. El contrato de compraventa nada dice con relación a que los apartamentos tendrían vista panorámica.

11. En las especificaciones del complejo que distribuyó Colinas del Bosque, se indicaba que los apartamentos tendrían amplia cocina con gabinetes de madera laminados.

12. Los gabinetes instalados en el apartamento de la parte querellante no son de madera laminada y los mismos se esponjan al mojarse. ”

Evaluados estos hechos, DACO concluyó que: 1) los querellados deberían corregir el empozamiento de agua; 2) no se demostró que la vista panorámica fuese parte de la contratación; 3) el término para construir las facilidades recreativas no había transcurrido aún; 4) no se demostró en qué etapa de la construcción tendrían que instalarse los buzones, por cuanto no se puede verificar el incumplimiento; 5) las lámparas estaban incluidas en el precio del contrato, por lo que procede que sean instaladas donde se colocaron rosetas; 6) los querellados ofrecieron gabinetes de madera laminados y los instalados fueron de madera aglomerada, pero, ausente de prueba tendente a demostrar el importe pagado por los gabinetes que instalaron los querellantes, no se puede otorgar un remedio por el incumplimiento; y 7) la parte querellante no demostró cuáles fueron los daños y perjuicios sufridos, por lo que no procede su reclamación. Cónsono a lo anterior, DACO declaró Con Lugar la querella presentada por los recurrentes y, en lo pertinente, ordenó que:

“Dentro del improrrogable término de veinte (20) días contados desde la notificación de la presente Resolución deberán las coquerelladas Colinas del Bosque, S.E. y Dick Corporation of PR Inc. reparar satisfactoriamente la entrada del departamento de manera que el agua no se empoce [e] instalar las lámparas.

Transcurrido el término concedido sin que la parte haya cumplido con la orden dada, la parte 
*1182
querellante proveerá un estimado razonable de reparación y del costo de las lámparas en cuyo caso será responsabilidad de las coquerelladas de epígrafe, pero en el caso de American Casualty Company y CNA Surety Corp. hasta el monto de la fianza prestada.

La parte querellante notificará a este Departamento por escrito, si las partes querelladas cumplen lo ordenado para procederse al cierre y archivo del caso. Igualmente notificará por escrito si no cumple, para procederse conforme a derecho.” (Énfasis suplido.)
Inconformes con los remedios concedidos, el 16 de junio de 2006, los recurrentes presentaron ante DACO una solicitud de reconsideración. De entrada, alegaron que los recurridos habían incumplido con el acuerdo contraído previo a la celebración de la vista administrativa y por el cual se habían reducido las controversias que, aunque contempladas en la querella, se discutirían ante el juez administrativo. Al mismo tiempo, argüyeron que la resolución recurrida era contradictoria, pues se les dejó de conceder un remedio aun cuando: 1) se determinó claramente que los recurridos incumplieron el contrato, tras instalar unos gabinetes distintos a los pactados; y 2) en la vista se informó el precio pagado por la instalación de gabinetes nuevos. Además, reclamaron el pago del importe solicitado por la compra e instalación de las lámparas, en vez del cumplimiento específico de dicha obligación. Finalmente, insistieron en que se les compensara por el reemplazo del gabinete del baño y los daños y perjuicios sufridos por la desidia y temeridad de los recurridos al incumplir con lo pactado mediante el contrato de compraventa. La solicitud fue acogida por DACO el 20 de junio de 2006.
Por otra parte, el 25 de agosto de 2006, los recurrentes presentaron al DACO una Moción en Cumplimento de Orden. En lo pertinente, le informaron al foro administrativo que ya había transcurrido en exceso el término concedido a los recurridos para cumplir el mandato de instalar las lámparas, según ordenado en su Resolución del 1 de junio de 2006. Con su escrito, la parte presentó un estimado del costo de las lámparas, por la cantidad de $928.70. Sin embargo, tres días más tarde, éstos enmendaron su moción, con el fin de precisar que el estimado representaba el costo de las lámparas y no su instalación, por lo que la suma reclamada por el incumplimiento ascendía realmente a $1,500; lo que estimaron necesario para cubrir ambos, el costo e instalación de las lámparas. Inconforme, los recurridos presentaron Moción en Torno a Moción en Cumplimento de Orden Enmendada, en la que objetaron el estimado presentado por los recurrentes, tras catalogarlo de “oneroso, excesivo y constituir un abuso del derecho”. Así pues, complementaron su escrito con un estimado por $54.60, en el que se establecía el costo de 12 lámparas a razón de $4.55 por unidad, incluyendo el impuesto. En cuanto al costo de instalación, el mismo fue impugnado, arguyendo que no había sido requerido en la Resolución de DACO.
Como expresáramos, acogida oportunamente la solicitud de reconsideración, en Resolución en Reconsideración emitida el 13 de septiembre de 2006, DACO declaró Con Lugar la petición de los recurrentes y modificó la Resolución dictada el 1 de junio de 2006, “a los únicos efectos de ordenar el cumplimiento estricto de los acuerdos tomados con anterioridad a la celebración de la vista administrativa”. De esta forma, DACO no hizo referencia ni dispuso nada sobre la Moción en Cumplimento de Orden presentada por los recurrentes, para advertir el incumplimiento de los recurridos con la orden de instalar las lámparas en el plazo concedido.
Inconformes, el 13 de octubre de 2006, los recurrentes presentaron el recurso que nos ocupa, alegando que:

“1. Erró el DACO, en su Resolución de 1 de junio de 2006, al entrar en contradicción con su propio análisis respecto a la instalación de los gabinetes de cocina llegando a conclusiones de derecho no sostenidas por la prueba aceptada.

2. Erró el DACO al ordenarle a la parte recurrida la instalación y no el pago en dinero por las lámparas; al contradecir su propia Resolución con su propio apercibimiento de 1 de junio de 2006 y al llegar a 
*1183
conclusiones no sostenidas por la prueba aceptada.

3. Erró el DACO al guardar silencio sobre los remedios económicos solicitados por la parte recurrente. ”

II
Es norma de derecho ampliamente reconocida que en el proceso de revisión judicial los tribunales deben concederle gran peso y deferencia a las decisiones emitidas por las agencias administrativas, en vista de la experiencia y conocimiento especializado que éstas poseen. Cruz Negrón v. Administración de Corrección, 2005 J.T.S. 39, a la pág. 943. A raíz de ello, la revisión judicial se limita a determinar si la actuación administrativa fue razonable y cónsona con el propósito legislativo o si por el contrario resultó irrazonable, ilegal o si medió abuso de discreción. Otero Mercado, et al. v. Toyota de Puerto Rico Corp., et al, Op. de 3 de febrero de 2005, 2005 J.T.S. 13, a la pág. 685.
En cuanto a las determinaciones que una agencia administrativa haga de los hechos, éstas serán respetadas por los tribunales si las mismas están apoyadas en evidencia sustancial obrante en el expediente administrativo. 3 L.P.R.A. § 2175. Para determinar si en el expediente administrativo existe evidencia que sostenga las determinaciones de la agencia es necesario considerar si existe otra prueba en el récord que razonablemente reduzca o menoscabe la sustancialidad de esa prueba. Rebollo Vda. de Liceaga v. Yiyi Motors, Motor Ambar, Inc., Op. de 13 de enero de 2004, 2004 J.T.S. 4, a la pág. 501. Conforme a lo anterior, quien cuestione las determinaciones de hechos de las entidades administrativas tiene la carga de demostrar, examinada la totalidad del expediente administrativo, que éstas no están sostenidas por evidencia sustancial, o que existe otra prueba en el expediente que menoscabe tal evidencia, hasta el punto de considerar irrazonable concluir que las determinaciones están sostenidas por la prueba. Otero Mercado, et al. v. Toyota de Puerto Rico Corp., et al., supra, pág. 685.
De otra parte, las determinaciones de derecho de la agencia pueden ser revisadas en todos sus aspectos por el tribunal, 3 L.P.R.A. § 2175, aunque debe observárseles deferencia por tratarse del criterio de la agencia en aquella legislación que ésta implanta. Rebollo Vda. de Liceaga v. Yiyi Motors, Motor Ambar, Inc., supra, a la pág. 501. Por tanto, el tribunal revisor no podrá descartar libremente las interpretaciones o conclusiones de la agencia administrativa, sino que les dará deferencia en la medida que éstas sean razonables. Misión Industrial v. Junta de Planificación, 146 D.P.R. 64, 132 (1998). Así pues, se ha reconocido que las agencias son instrumentos necesarios para la interpretación de la ley. Quevedo Segarra v. J.A.C.L., 102 D.P.R. 87, 96 (1974).
Mediante su primer señalamiento de error, los recurrentes impugnaron la determinación de DACO, pues se les dejó de conceder un remedio aun cuando se determinó claramente que los recurridos incumplieron el contrato, al instalar unos gabinetes distintos a los pactados.
Como es sabido, DACO es una agencia administrativa que se creó con el propósito primordial de vindicar e implementar los derechos del consumidor. Rodríguez Dilán v. Guacoso Auto Corp., Op. de 5 de diciembre de 2005, 2005 J.T.S. 187, a la pág. 600. A través del Artículo 5 de su Ley Habilitadora, 3 L.P.R.A. § 341d, la Asamblea Legislativa le transfirió a DACO las funciones y poderes de la antigua Administración de Servicios al Consumidor, 23 L.P.R.A. § 1001 et seq., entre los cuales se encontraba la administración de la Ley de la Oficina del Oficial de Construcción. 23 L.P.R.A. § 1002. El propósito que motivó la aprobación de la Ley Núm. 130 del 13 de junio de 1967, mejor conocida como la Ley de la Oficina del Oficial de Construcción, 17 L.P.R.A. §§511 et seq., fue reglamentar las actividades de urbanizadores y constructores que se dedican al negocio de la construcción de viviendas. Chase Manhattan v. Emmanuelli Bauzá, 111 D.P.R. 708, 710-711 (1981); United Led. Savings v. D.A.C.O., 111 D.P.R. 424, 426 (1981).
Al tenor de las facultades antes mencionadas, tras ser determinado por DACO que el contrato entre las partes de epígrafe advertía la obligación de instalar en la cocina gabinetes de madera laminada y no habiéndole *1184 quedado duda del incumplimiento de los recurridos, por haber instalado unos de madera aglomerada, correspondía a la agencia administrativa, en el ejercicio de la función delegada, hacer uso de su destreza y especialización para determinar el importe equivalente a la responsabilidad de los recurridos. Así pues, la concesión del remedio adecuado no obedecía al costo de los gabinetes que instalaron los recurrentes o la credibilidad que le mereció a DACO la suma reclamada en ese concepto, sino al costo de los gabinetes de madera laminada que los recurridos tenían la obligación de instalar y no instalaron. En vista de lo expresado, se cometió el error señalado.
Por razón de su segundo señalamiento de error, los recurrentes impugnan la determinación de DACO, y alegan que, comprobado el incumplimiento con el mandato emitido mediante la Resolución de 1 de junio de 2006, correspondía ordenar a los recurridos el pago en dinero por las lámparas que no instalaron. Ciertamente, de los autos se desprende que DACO concedió a los recurridos un término improrrogable de 20 días para instalar las lámparas, transcurrido el cual su incumplimiento conllevaría la imposición del pago por el costo de éstas. Verificada la anterior condición, mediante la Moción en Cumplimento de Orden presentada por los recurrentes el 25 de agosto de 2006, corresponde a la agencia administrativa pasar juicio sobre la racionabilidad del estimado presentado por ellos y determinar el importe a pagar por los recurridos.
Finalmente, arguyen los recurrentes que erró el DACO al guardar silencio sobre los remedios económicos solicitados.
Como hemos expresado, la facultad revisora del foro judicial de las determinaciones de hechos de una agencia administrativa está limitada, ya que por disposición de ley éstas deberán estar sostenidas si se basan en evidencia sustancial que obre en el expediente administrativo. 3 L.P.R.A. § 2175. Más aún, nuestro Tribunal Supremo ha expresado que, en cuestión de apreciación y credibilidad de la prueba, los tribunales mostrarán deferencia a la determinación de las agencias, aunque exista prueba conflictiva de la cual puedan inferirse determinaciones razonables diferentes a las que la agencia adopta. Otero Mercado, et al. v. Toyota de Puerto Rico Corp., et al, supra, pág. 686.
De acuerdo con esta norma, la parte que impugna la determinación de la agencia tiene el peso de probar que ésta fue arbitraria, irrazonable y que se tomó en ausencia de evidencia sustancial. Al refutar la presunción de corrección, esta parte no podrá descansar en meras alegaciones. Com. Vec. Pro-Mej., Inc. v. Junta de Planificación, 147 D.P.R. 750, 761 (1999); Misión Industrial de Puerto Rico v. Junta de Planificación, 146 D.P.R. 64, 131 (1998).
En el caso de autos, DACO determinó que la parte recurrente “no demostró específicamente cuáles fueron los daños y perjuicios sufridos, por lo que no procede su reclamación”. Así pues, cónsono a la doctrina reseñada, al invocar nuestra facultad revisora, los recurrentes venían obligados a demostrar cómo del expediente administrativo se desprendía que la determinación de la agencia era irrazonable, de acuerdo con la totalidad de la prueba presentada ante su consideración. Sin embargo, la parte se limitó a apuntar que cometió error la agencia en la apreciación de la prueba oral y nada aportó para ponemos en condición de conocer la existencia de esa prueba; por lo que las determinaciones de hechos de la agencia deben ser sostenidas.
No obstante, el DACO hizo determinaciones de hechos con respecto a la instalación de las lámparas y los gabinetes de cocina, pero no se proveyó al querellante un remedio al respecto.
En su resolución de 1 de junio de 2006, el DACO. ordenó a la parte querellada instalar las lámparas dentro del término improrrogable de veinte (20) días; no se cumplió con esta orden ni el DACO proveyó un remedio al respecto.
En lo referente a los gabinetes de cocina, una vez se determinó por el DACO, como se hizo, que “en las *1185 especificaciones del complejo que distribuyó Colinas del Bosque se indicaba que los apartamentos tendrían amplia cocina con gabinetes de madera laminadosy además determinó que “los gabinetes instalados en el apartamento por la parte querellada no son de madera laminada y los mismos se esponjan al mojarse”, tenía (DACO) que proveer un remedio para esta situación, lo cual no hizo.
El costo a determinar aquí no es el de los gabinetes instalados por el querellante; es el valor de los gabinetes que el querellado debió instalar y no lo hizo.
III
Por lo antes expuesto, se revoca la resolución recurrida en lo referente a las lámparas y los gabinetes de .cocina, se devuelve el caso al DACO y se ordena la celebración de una vista para proveer los remedios que sean consistentes con la presente sentencia.
Lo acordó el Tribunal y lo certifica la Secretaria.
María E. Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIO 2007 DTA 63
1. La querella fue modificada mediante Querella Enmendada, de 25 de octubre de 2005, y Segunda Querella Enmendada, presentada el 23 de enero de 2006.